J. R. BREWER, ADMINISTRATOR, ESTATE OF MAGGIE BREWER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21393. Promulgated September 30, 1929.

*George S. Atkinson, Esq.*, and *Luke B. Garvin, C. P. A.*, for the petitioner.

*Frank S. Easby-Smith, Esq.*, for the respondent.

706

OPINION.

MILLIKEN: It is contended by the respondent that no return of income was made for 1919 for the estate of Maggie Brewer on Form 1040 as required by the regulations, and because of the failure to

file a return the statute of limitations had not run at the date of the mailing on September 25, 1926, of the deficiency letter in question. Petitioner claims that he did file such a return on Form 1040, which showed Mrs. Maggie Brewer's one-half interest in the community property, but that it was returned to him by the collector with instructions to report her one-half of the community income in returns by her five children, reporting one-fifth each. A great part of the evidence taken at the hearing was devoted to the question as to whether or not such a return was made, the character of its contents, whether or not it was accepted by the collector, and what became of it. It is insisted by petitioner that this alleged return was filed prior to March 15, 1920, and that the statute began to run at that time. Respondent contends that as the return was not filed with and accepted by the collector, the statute never began to run.

Under the evidence we have found as a fact that such a return on Form 1040 was filed and returned by the collector of internal revenue, but in view of the conclusion which we hereinafter reach it becomes immaterial whether the return was or was not filed. See, however, .Conrad Hardware Co., 8 B. T. A. 512. J. R. Brewer did file an individual return for himself on Form 1040; he also filed a fiduciary return for the Brewer children on Form 1041, and a separate return for each of the five children on Form 1040 A, thus making a complete return for both portions of the community estate owned by him and his wife. These were all filed on March 15, 1920.

We have recently decided in the case of *Estate of F. M. Stearns,* 16 B. T. A. 889, that where a fiduciary, in good faith, seasonably filed his returns for the years 1920 and 1921, respectively, on Form 1041, instead of on Form 1040 as required by the regulations, the returns were filed in sufficient compliance with the statutes, and the statute of limitations began to run at the respective dates of filing. We there said:

The position of the respondent is that the applicable regulations issued pursuant to the Revenue Acts of 1918 and 1921, which have.the force and effect of law, require that if the estate had taxable income in the years 1920 and 1921 the fiduciary should report for each of such years on Form 1040. The respondent asserts that the petitioner had income taxable to it in both of the years 1920 and 1921 and that consequently a return filed on Form 1041 instead of on Form 1040 was not filed in compliance with the regulations and the statutes. The respondent, therefore, denies that the assessment of the taxes in question is barred by the statutes of limitations. In other words, the respondent's position is in substance that in accordance with section 273 (a) of the Revenue Act of 1926 the taxes here in question may be assessed or a proceeding in court for the collection of such taxes may be begun without assessment at any time.

In respect to the question involved in the second issue there is no material distinction in principle between this case and the case of *Abraham Werbelovsky,*

*Executor*, 8 B. T. A. 442. In the *Werbelovsky* case, as in this case, the executor had filed his return in good faith on Form 1041. In that case, as in this case, the respondent claimed that there was income taxable to the estate and that, therefore, pursuant to the applicable regulations, the report should have been filed on Form 1040. In the instant case there is no allegation that the returns filed in Form 1041 were false or fraudulent returns " with intent to evade tax " nor was there a similar allegation in the *Werbelovsky* case.

Therefore, in accordance with the views expressed in the *Werbelovsky* case, *supra*, we are of the opinion that the returns filed by the petitioner for the year 1920 and the year 1921 sufficiently comply with statutory requirements and that the assessment and collection of the taxes in question are barred by the provisions of section 277 of the Revenue Act of 1926.

In the recent case of the *Hartford-Connecticut Trust Co.* v. *Eaton*, decided by the United States Circuit Court of Appeals for the Second Circuit, the Trust Co., as trustee, had filed returns for estates in its care on Form 1041 instead of Form 1040, and was assessed penalties of 25 per cent for failing to make its returns on Form 1040. In actions to recover the penalties, the District Court dismissed the petitions, but this was reversed by the Court of Appeals, which held that a timely return on fiduciary return Form 1041 disclosing full data regarding income precludes imposition of the 25 per cent penalty, even though the return should have been on Form 1040. The court said in part:

The Collector takes the position that the information return made under Form 1041 was not a return at all because it was not a return in such form as the Commissioner of Internal Revenue had prescribed. A proper return under the Regulations would have been on Form 1040. Section 6336 h (b) of the Act requires individuals to file a return in such form as the Commissioner shall prescribe, and Section 6336 h (c) requires trustees to make returns of income for their trusts and subjects them to all the provisions which apply to individuals. But while the return on Form 1041 may not have been adequate for some purposes, the provisions for imposing penalties do not seem to require a taxpayer to choose the right blank at his peril when he acts in good faith and makes a full disclosure of his income.

And again:

The government would seem to be sufficiently protected in having complete information whereby the Collector may make a return on behalf of the taxpayer as provided in Revised Statutes, Section 3176, or may require the latter to file an amended return in the form prescribed.

Section 200, Revenue Act of 1918, defines " fiduciary " as a guardian, trustee, executor, administrator, receiver, conservator, or any person acting in any fiduciary capacity for any person, trust or estate.

Article 3663, Vernon's Annotated Texas Statutes, provides: " Where the wife dies or becomes insane, leaving a surviving husband and child, or children, the husband shall have exclusive management, control and disposition of the community property in the same manner as during her lifetime, or sanity."

Article 3664 provides that within four years after the death of the wife the husband shall apply to the county court for community administration and articles 3665 to 3670 provide for the appointment of appraisers, making and filing of inventory, execution of bond, and entry of orders authorizing the survivor to control, manage and dispose of such community property as may seem for the best interest of the estate and of suing and being sued with regard to the same, in the same manner as during the lifetime of the deceased.

The courts of Texas have held in numerous cases that the survivor of the community has exclusive control of the community property even before the institution of community administration proceedings, as provided in article 3664, Vernon's Annotated Texas Statutes, and may even sell and dispose of property for the purpose of paying debts. After administration proceedings and execution of bond by survivor it seems he may exercise practically absolute control if it seems best for the interest of the estate. *Levy* v. *W. L. Moody & Co.*, 87 S. W. 205; *Wiseman* v. *Swain*, 114 S. W. 145; *Stone* v. *Jackson*, 109 Texas 385; 210 S. W. 953; *Advance-Rumely Thresher Co.* v. *Blevins*, 248 S. W. 1086.

In our opinion J. R. Brewer held a fiduciary relationship to the community estate of his deceased wife from the instant of her death, under article 3663, Vernon's Annotated Texas Statutes, and that when he filed the returns in March, 1920, for the year 1919, he was acting as a fiduciary for said estate, although the administration proceedings were not held until the following December. It may be added that, where a person acts as fiduciary for an estate, or person, before appointment as such, and performs duties or acts within the line of duty of such fiduciary, and afterwards qualifies and is appointed, the acts performed prior to actual appointment are thereby validated. Schouler on Wills, Executors and Administrators, secs. 2251-2252.

The returns made by J. R. Brewer on March 15, 1920, on Forms 1040 and 1041, were made after he had made a return of the income of the community showing that one-half thereof was his and the other half the income of his children. These later returns were made on the forms and in the manner he was informed by the collector were proper. It is not intimated that any of the returns were false or fraudulent. Brewer could not have done other than he did do. He acted under the advice of the collector, who had refused to accept his former return. He had first reported the income of the estate and, that return having been rejected, he then filed returns for each of the children, as directed, and also a fiduciary return. The collector knew that the latter returns were returns of the income of the estate of Maggie Brewer, since they were so made under his direction. It thus appears that, with the knowledge of the collector,

the income of the Maggie Brewer estate was returned. The fact that their last returns were not proper was the fault of the collector, not of Brewer. Since the returns of March 15, 1920, were filed more than six years prior to the determination of the deficiency, it follows that the assessment or collection of the deficiency is barred by limitation.

There is some confusion in the record as to whether J. R. Brewer is proceeded against as executor, administrator, or survivor of the community, but we consider this of no importance, as it is clear that the purpose of the determination of the deficiencies is to tax the income of Maggie Brewer's part of the community estate, which was under the control of J. R. Brewer as a fiduciary.

Relative to the year 1920 it is contended by petitioner that the interest of Maggie Brewer in the community estate vested immediately in her children and that the income therefrom is taxable to them and not to her estate or the community. Article 3314 Vernon's Annotated Texas Statutes, provides in part: " Whenever a person dies intestate, all of his estate shall vest immediately in his heirs at law, but with the exceptions aforesaid shall still be liable and subject in their hands to the payment of the debts of the intestate; but upon the issuance of letters testamentary or of administration upon any such estate, the executor or administrator shall have the right to the possession of the estate as it existed at the death of the testator or intestate."

In *Lass* v. *Seidel*, 95 T. 442; 66 S. W. 872, the court held that upon the death of a party the title to his property vests in his heirs or devisees, yet this title is subject to the rights of the administrator or executor to subject the property to payment of debts of deceased and expenses of administration.

Considering the above statute with the broad powers of the survivor of the community under articles 3663 to 3670, *supra*, we think that the title of the heirs is subject to the right of possession and control by the survivor of the community until there is a partition and settlement thereof.

There is much evidence of record which sets forth the recommendations and views of revenue agents and others in the Bureau of Internal Revenue concerning the determination of the deficiency for the year 1920. We are unable to reconcile the mass of evidence introduced. Counsel for petitioner contends that, if we hold that J. R. Brewer was acting in a fiduciary capacity and should return and be taxed upon the income earned by the property represented in the estate of Maggie Brewer, deceased, nevertheless J. R. Brewer as administrator should not be taxed as such upon the entire income earned by the community estate. Counsel for respondent states that this has been done. Under the recomputation of the deficiency due from J. R. Brewer as administrator for the year 1920, there should

be excluded therefrom the income attributable to J. R. Brewer and should be included only the income of the estate for which he acted.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*