*Decision will be entered under Rule 50.*

ESTATE OF LAWRENCE E. BERRY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3945–62. Filed February 28, 1964.

*Ben F. McDonald* and *Robert B. Wallace,* for the petitioner.
*Robert I. White,* for the respondent.

### OPINION

DAWSON, *Judge:* We are here concerned with whether we have jurisdiction in this proceeding. Upon respondent's motion to dismiss the petition as having been filed by an improper party, a hearing on the motion was held at Fort Worth, testimony was taken, and memorandum briefs were requested from the parties. The pertinent facts relating to the jurisdictional question follow.

Lawrence E. Berry (hereinafter sometimes referred to as the deceased) died on March 29, 1962. On June 29, 1962, respondent mailed a statutory notice of deficiency for the taxable years 1951 through 1955 to "Estate of Lawrence E. Berry, 4002 UpRiver Road, Corpus Christi, Texas." Deficiency determinations with respect to the taxable year 1952 were made on a community property basis and only one-half of the deficiency was asserted against the estate. Respondent had previously mailed to Evelyn Berry, the widow of the deceased, Forms 872 (Consent Fixing Period of Limitations) covering the taxable years in issue prepared for the signatures of Lawrence E. Berry (deceased) and Evelyn Berry by "Evelyn Berry, Community

Survivor." These documents were executed by the parties in May 1962.

On September 27, 1962, the 19th day after the mailing of the notice of deficiency, a petition was filed with this Court on behalf of the estate of Lawrence E. Berry by Evelyn Berry (hereinafter referred to as Evelyn) with the allegation that "such estate is here represented by Mrs. Evelyn Berry, widow of Lawrence E. Berry as his surviving spouse and in her capacity as community survivor."

At the time of receipt of the notice of deficiency and at the time of the filing of the petition, there had been no administrator or executor appointed and no probate proceeding of any kind had been initiated.

Although Evelyn had reason to believe that her husband left a will, she did not find the will until April 1963. She then applied for letters testamentary on the estate and on April 15, 1963, was granted letters testamentary and appointed executrix of the estate by the County Court of Nueces County, Tex.[1] Prior to her appointment as executrix, no administration had been requested or urged.

The deceased and Evelyn were married on December 26, 1939, and lived together as husband and wife until the deceased's death. At the time of their marriage they owned no separate properties and neither of them ever inherited or was given any property. All of the property and businesses owned by the deceased and Evelyn were located within the State of Texas and none of their properties had ever been partitioned. All of the property owned and accumulated by the deceased and Evelyn during their married life was community property.

While the issue of jurisdiction was raised by respondent's motion to dismiss the petition, we must first consider whether respondent's notice of deficiency was valid. It is alleged in the petition and argued by petitioner on brief that the deficiency notice, issued to "Estate of Lawrence E. Berry," is invalid because it was not issued to a person or entity.

A similar question was raised in the case of *Charles M. Howell, Administrator*, 21 B.T.A. 757, 779 (1930). There a deficiency notice for the years 1918, 1919, and 1920 was mailed to Bruce Dodson on July 27, 1925. A deficiency notice for the years 1921 through 1923 was mailed to the "Estate of Bruce Dodson" on December 22, 1926. Dodson had died August 22, 1926, and the administrator was not appointed until March 1, 1927. The administrator complained that

---

[1] Even though Evelyn is now qualified to represent her husband's estate as executrix, we are herein concerned with her capacity to represent the estate at the time the petition in this proceeding was filed.

there was no such person or entity as "The Estate of Bruce Dodson." Because the notice was not *addressed* to the "taxpayer or other person subject to liability at his last known address," the administrator argued that section 281(d) of the Revenue Act of 1926 was inapplicable. The Board, however, felt that section 281(d), which provided that in the absence of any notice of a fiduciary relationship, a notice of deficiency, if *mailed* to the taxpayer at his last known address, would be sufficient even if the taxpayer was deceased, was applicable and determinative. The equivalent provision of the Internal Revenue Code of 1954, applicable to the case at hand, is section 6212(b).[2]

In the *Howell* case we upheld the validity of the deficiency notice and in so doing made the following comments:

> As far as we are informed the notice here was apparently mailed to the last known address of the taxpayer, at least there is no evidence to the contrary. If the notice had been addressed to Dodson himself without prefixing the word "Estate" and properly mailed, there can be no doubt that such a notice would have satisfied the statutory requirements and we perceive no reason why the use of that word should alter the situation, particularly in view of the fact that the representatives of the estate assume the powers, rights, duties and privileges of the taxpayer and have invoked the jurisdiction of the Board to hear and consider the merits in contesting this deficiency.

We think these observations are equally applicable here. And we find on the facts in this case that the deficiency notice was sufficient to give notice of the proposed deficiencies in income tax of Lawrence E. Berry to taxable years prior to his death and sufficient to afford his representatives an opportunity to have the Commissioner's determinations reviewed by us before becoming final.

Having determined the validity of the notice of deficiency, we turn to Evelyn's alternative contention that, if the deficiency notice is valid, then under the existing facts and circumstances she had the authority under the laws of the State of Texas, a community property State, to act as fiduciary within the meaning of Rule 6 of the Tax Court Rules of Practice [3] and was therefore a proper party to file a petition in this proceeding. She relies on section 160 of the Texas Probate

---

[2] SEC. 6212. NOTICE OF DEFICIENCY.

  (b) ADDRESS FOR NOTICE OF DEFICIENCY.—

    (1) INCOME AND GIFT TAXES.—In the absence of notice to the Secretary or his delegate under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A of chapter 12, if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

[3] RULE 6. PROPER PARTIES

  A case in the Tax Court shall be brought by and in the name of the person against whom the Commissioner determined the deficiency (or liability, as the case may be), or by and in the full descriptive name of the fiduciary legally entitled to institute a case on behalf of such person.

Code,[4] a new provision added to the community administration statutes with the enactment of the Texas Probate Code, effective January 1, 1956. Section 160 expressly declares the authority of the community survivor to administer the community estate under some circumstances without qualifying as community administrator. The circumstances under which the unqualified community survivor is empowered to act is when no administrator or executor has qualified, i.e., whether the decedent dies intestate or testate. The statute provides that where no formal administration is pending the surviving spouse, as the surviving partner of the marital partnership, has the power to represent the community in litigation, to collect claims due the community estate, to convey community assets to pay community debts, and "such other powers as shall be necessary to preserve the community property, discharge community obligations, and wind up community affairs." These powers are exercisable over the whole community estate—the decedent's half interest as well as the survivor's half interest.

Prior to the enactment of section 160, there was no statutory provision for powers of an unqualified community survivor. The statutes did give the surviving husband the exclusive management, control, and disposition of the community property, but required him to apply to the county court for community administration within 4 years after the death of the wife. However, it was clear from numerous Texas court decisions that the surviving spouse, without qualifying as community administrator, had some powers of administration.

Such was the posture of the law in Texas when the Board considered the case of *J. R. Brewer, Administrator*, 17 B.T.A. 704 (1929), where the husband filed a fiduciary income tax return for his deceased wife's estate prior to his applying for community administration. We found that the husband as community survivor "held a fiduciary relationship to the community estate of his deceased wife from the instant of her death, * * * and that when he filed the returns in March, 1920, for the year 1919, he was acting as a fiduciary for said estate, although the administration proceedings were not held until the following December."

In the instant case we have found that all of the property accumulated by the deceased and Evelyn was community property under the

---

[4] Sec. 160. Powers of Surviving Spouse When No Administration Is Pending.

When no one has qualified as executor or administrator of the estate of a deceased spouse, the surviving spouse, whether the husband or wife, as the surviving partner of the marital partnership, without qualifying as community administrator as hereinafter provided, has power to sue and be sued for the recovery of community property, to sell, mortgage, lease, and otherwise dispose of community property for the purpose of paying community debts; to collect claims due to the community estate; and has such other powers as shall be necessary to preserve the community property, discharge community obligations, and wind up community affairs.

laws of Texas; that at the time the petition was filed no one had qualified as administrator or executor and no administration of the estate had been taken out; and that Evelyn subsequently qualified as executrix. We conclude, therefore, that the income giving rise to respondent's asserted deficiencies is a part of the community estate; that, under section 160 of the Texas Probate Code, Evelyn had the power to represent the community in litigation as well as "such other powers as shall be necessary to preserve the community property, discharge community obligations, and wind up community affairs"; and that as community survivor she occupied a fiduciary relationship to her husband's estate, making her a proper party to file a petition in this proceeding.[5]

Accordingly, respondent's motion to dismiss is denied.

*Appropriate orders will be entered.*

---

[5] Respondent frankly acknowledges in his memorandum reply brief that his original position with respect to the incapacity of Evelyn Berry to file the petition in this proceeding as a community survivor was "not well-considered."