JAMES E. BEATTY, Deceased, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Beatty v. Commissioner
Docket No. 8258-78.
United States Tax Court
T.C. Memo 1980-168; 1980 Tax Ct. Memo LEXIS 414; 40 T.C.M. (CCH) 327; T.C.M. (RIA) 80168; May 12, 1980, Filed *414 Procedure.--The petitioner died after having timely filed his petition. Held, under Texas law his heirs may represent the estate in the absence of formal probate or administration. Jennifer Warren (daughter) and Georgia M. Beatty (widow), for the petitioner. William T. Overton, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined deficiencies in petitioner's Federal income taxes as follows: Year
Deficiency
1974
$1,494.07
1975
2,334.61
1976
3,272.00
This case is before us on respondent's motion to dismiss for lack of prosecution, which has been held under advisement since the case came on for trial at Houston, Texas, on September 25, 1979. The issues discussed herein involve the capacity of the heirs of a deceased petitioner to represent the estate under Texas law and our Rule 60(c), Tax Court Rules of Practice and Procedure.
No evidence as such having been introduced at trial, our report is necessarily based upon the pleadings and motions filed and the representations of petitioner's widow and daughter, who appeared on his behalf at the call of the calendar. In July of 1978, when he filed his petition in this case, petitioner James E. Beatty resided in Houston, *415 Texas. James E. Beatty died on November 5, 1978. Although his tax returns are not in the record, it appears from the notice of deficiency that petitioner filed separate returns for the years in controversy in which he included one-half of his wages earned, the other half having been the income of his wife Georgia Beatty, now his widow, under Texas community property law.The major adjustment in petitioner's taxable income made by respondent for each year was to increase the gross income petitioner reported by one-half of the income of his wife. The amounts of such increases were $6,368.79, $8,433.49, and $11,241.48 for the years 1974, 1975, and 1976, respectively. Respondent determined these amounts in the absence of adequate records because Georgia Beatty did not report any income for those years and has steadfastly refused to permit respondent any access to her records on the ground that she constitutionally objects to Federal income taxation. [1]
When this case was called from the calendar of the Houston session on September *416 24, 1979, Jennifer Warren (hereinafter Jennifer) appeared before the Court stating that she was the daughter of James E. Beatty, deceased, and that she had been authorized by his family to represent the estate in this case. Jennifer further stated that she had an affidavit evidencing her authority. Jennifer admitted she had not been appointed by a court as executor or administrator of the estate. Petitioner's widow Georgia Beatty was present and indicated to the Court that no probate or administration of James Beatty's estate had taken place because the family had been advised by an attorney that none was necessary. However, the Court informed Jennifer that her request to represent the estate in this proceeding would not be honored without her having been duly authorized by a local court of competent jurisdiction. See Rule 60(c), Tax Court Rules of Practice and Procedure. The Court then suggested both to Jennifer and to Georgia Beatty that perhaps the family should rethink their decision. When the case was called for trial the next day, there was no appearance on behalf of the estate. Jennifer, however, left three documents for the clerk of the Court and sent a mailgram and *417 a telegram to the Court, all of which were received into the record. The thrust of each of the documents filed is that the notice of deficiency and Federal income taxation in general are both illegal and unconstitutional. [2] Attached to the first document was Jennifer's notarized affidavit in which she stated that she was the daughter of James Beatty, deceased, and had been authorized by the family to represent the estate in this case. In the mailgram and telegram, Jennifer again asserted that her authority to represent petitioner's estate was based upon her affidavit. After all of the above had been entered into the record, respondent moved orally that the case be dismissed for lack of prosecution.The Court took respondent's motion under advisement at that time. Since the trial date both respondent and Georgia Beatty, on behalf of the estate, have filed memoranda discussing Jennifer's *418 capacity, the need for administration of the estate under local law, and respondent's motion to dismiss. Apparently, there still has been no probate or administration of petitioner's estate. By our order dated January 23, 1980, we reaffirmed our denial of Jennifer's request to represent petitioner's estate in this proceeding. However, our own research had convinced us that Georgia Beatty's claim that under Texas law no executor or administrator was needed to represent the estate was essentially correct. Section 160 of the Texas Probate Code Ann. (Vernon 1956) provides: When no one has qualified as executor or administrator of the estate of a deceased spouse, the surviving spouse, whether the husband or wife, as the surviving partner of the marital partnership, without qualifying as community administrator as hereinafter provided, has power to sue and be sued for the recovery of community property; * * * and has such other powers as shall be necessary to preserve the community property, discharge community obligations, and wind up community affairs. Thus, where there has been no administration of a married person's estate, under Texas law the surviving spouse possesses all the rights *419 of an administrator with respect to the community property. [3] Therefore, where, as here, the income which is the basis for the notice of deficiency is community property, secs. 5.01(b), 5.02, Texas Family Code Ann. (Vernon 1975), [4] we have held that under the Texas rule the spouse of a deceased taxpayer may represent his estate in this Court. Estate of Berry v. Commissioner,41 T.C. 702 (1964); Estate of Brewer v. Commissioner,17 B.T.A. 704 (1929) (same under prior Texas law). Accordingly, in our order of January 23, 1980, we held the case open for an additional period of time to permit Georgia Beatty to file a motion to substitute herself, as the community survivor, as the representative of the estate. See Rule 63(a), Tax Court Rules of Practice and Procedure.Georgia Beatty has not so moved. On our own motion, we have reexamined the question whether Jennifer had the capacity under local law to represent petitioner's estate as an heir. We have done so because our independent research has disclosed that, *420 under Texas law, Jennifer and her family were not as ill advised as we had originally believed.For the reasons that follow, we shall vacate our earlier order denying her request to represent the estate as an heir.
To begin with, it is well settled that a petitioner's death does not divest this Court of jurisdiction over his income tax liability for years already in issue. Nordstrom v. Commissioner,50 T.C. 30 (1968); Yeoman v. Commissioner,25 T.C. 589 (1955). Our jurisdiction is based on the petition, which here was timely filed by petitioner while he was alive. Sec. 6213(a); [5]Rule 13, Tax Court Rules of Practice and Procedure. Once we have jurisdiction, the case does not abate upon the petitioner's death. Duggan v. Commissioner,18 B.T.A. 608 (1930). Where the petitioner has died, the Court generally will order that his representative or successor be substituted as the proper party. Rule 63(a), Tax Court Rules of Practice and Procedure; see also Rule 23(a), id.The legal capacity in this Court of a representative is controlled by Rule 60(c), id., which provides in part: *421 The capacity of a fiduciary or other representative to litigate in the Court shall be determined in accordance with the law of the jurisdiction from which he derives his authority. In short, we apply local law to determine who may speak for a decedent's estate in this Court. Fehrs v. Commissioner,65 T.C. 346 (1975); Estate of Berry v. Commissioner,supra.See sec. 601.509, Statement of Procedural Rules ("a power of attorney or a tax information authorization is not required by the Revenue Service in cases docketed in the Tax Court."). Because at common law all suits involving torts or personal property abated upon the plaintiff's death, the survival of such actions, and the proper parties thereto, is in every state controlled by statute.1 Am. Jur. 2d, Abatement, Survival, and Revival secs. 51, 52, 113 (1962); 1 C.J.S., Abatement and Revival secs. 132, 133 (1936).Under the laws of most states for a representative of an estate to appear in court, he first must be authorized by that court having jurisdiction over the estate. 1 Am. Jur. 2d, supra, sec. 121. Therefore, members of the family of a deceased taxpayer have normally not been permitted to file petitions in this Court without *422 being duly authorized. Fehrs v. Commissioner,65 T.C. 346 (1975); Davison v. Commissioner,13 T.C. 554 (1949). Compare Estate of Arnett v. Commissioner,31 T.C. 320, 330 (1958). Those holdings do not apply in this case, however, both because Texas law has its own special rules and because the petition already has been filed by the taxpayer while living. We express no opinion herein on the ability of a family member of a deceased taxpayer to initiate an action in this Court under Texas law. See secs. 6213(a), 7442. Cf. Butler v. United States,23 F. Supp. 143 (S.D. Tex. 1938). Rule 151 of the Texas Rules of Civil Procedure provides: If the plaintiff dies, the heirs, or the administrator or executor of such decedent may appear and upon suggestion of such death being entered of record in open court, may be made plaintiff, and the suit shall proceed in his or their name. * * * Rule 151 reflects longstanding Texas practice. For instance, in the early case of Gayle v. Hoffman,29 Tex. 1 (1867), it was held: The appellee having died since the appeal was perfected and the record filed in this court, certain persons appear in the cause and allege that the said [decedent] died intestate; *423 that there is no administrator, and no necessity for administration; that they are the sole heirs of said decedent; and ask that they may appear as parties in the cause, etc. On making proof of the facts as alleged, the said [heir], and other alleged heirs of the said [decedent], may be made parties hereto. Their proof, in the absence of controversy as to the facts, may be made by affidavit of any party legally competent to testify in the cause. Cases may arise in which the court may require other mode of proof.
The record is returned, that the proof of heirship and other facts alleged may be made. [Citations omitted.] Essentially similar under Rule 151, Tex. R. Civ. P., are Dickerson v. State,169 S.W.2d 1005 (Tex. Civ. App. 1943), and Clark v. Turner,505 S.W.2d 941 (Tex. Civ. App. 1974). Texas's liberal rules permitting the heirs of a decedent, as well as his surviving spouse, to speak for the estate without formal authorization are part and parcel of Texas's exceptionally strong public policy disfavoring unnecessary administration. [6] *424 See Pitner v. United States,388 F.2d 651 (5th Cir. 1967). Since Jennifer's affidavit brings her within the scope of Rule 151, [7] she apparently has the authority under Texas law, which we apply to determine her capacity, to represent petitioner's estate in this proceeding. We so hold. We remain concerned, as we were when we originally denied Jennifer's request to appear in this case, about the fact that Jennifer's request is to appear in a representative capacity. We are concerned because the decision eventually reached covering the taxable years *425 here in issue, while appealable, may not otherwise be relitigated once our decision becomes final. Sec. 6512(a); Bowser v. Commissioner,40 AFTR2d 77-5531, 78-1 USTC par. 9102 (3d Cir. 1977). In other words, our decision will be final not only as to Jennifer but also as to the other heirs to petitioner's estate who are not before the Court. Our concern is heightened in this particular case by the indications in the record that Jennifer intends to pursue so-called "constitutional" claims which are likely to bear little fruit. For these reasons we think it appropriate to require Jennifer, should she again appear for the estate in this case, to be ready to make some showing that the other heirs have been made aware of these proceedings. See generally Nordstrom v. Commissioner,supra.[8] Whether Jennifer's affidavit alone may be sufficient for this purpose is a question we need not decide at this time. In accordance with the foregoing, respondent's motion to dismiss for lack of prosecution will be denied, and our order denying Jennifer's *426 request to represent petitioner's estate will be vacated. This case will be restored to the general docket and rescheduled for trial. An appropriate order will be entered.
Footnotes
1. See Beatty v. Commissioner,T.C. Memo. 1980-21↩ (Jan. 23, 1980) (decision for the respondent where the taxpayer failed to stipulate or to appear for trial).
2. Except for the captions and Jennifer's affidavit, these documents appear to be photocopies of those filed in Beatty v. Commissioner,supra↩. Both Jennifer and Georgia Beatty have argued that because the notice of deficiency was determined in the absence of adequate records, respondent made up the numbers.
3. See generally Hudspeth, "Texas Marital Property Laws As They Relate to Estate Administration," 36 Tex. B.J. 293↩ (1973). 4. See Maben v. Maben,574 S.W.2d 229↩ (Tex. Ct. App. 1978).
5. Except as otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended.↩
6. Professor Paul E. Basye, in "Streamlining Administration Under the New Texas Probate Code," 35 Tex. L. Rev. 165, 165, 170 (1956), has pointed out: Texas has almost from its beginning looked upon the administration of a decedent's estate as a proceeding to be undertaken or required only if absolutely necessary. Several methods for its avoidance or for its simplification have long been a part of Texas' jurisprudence. * * * * * * It is probably not too much to venture the statement that Texas has gone farther than any American common-law state in dispensing with the necessity of full administration in one way or another.↩
7. See Tex. Probate Code Ann. secs. 38(b)(1), 45↩ (Vernon 1956) (Jennifer is an "heir" with respect to both petitioner's separate property and the community property).
8. See also Melsa v. Commissioner,T.C. Memo. 1977-415; Costello v. Commissioner,T.C. Memo. 1976-399; Kenner v. Commissioner,T.C. Memo. 1974-273↩, n. 1.