ESTATE OF MARY B. MCELROY, DECEASED, ROBERT BARNETT, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 15381–82.      Filed March 22, 1984.

---

[13]Fabiani also does not argue that the transactions served any nonbusiness personal purpose.

*Glade L. Hall* and *P. Gregory Giordano*, for the petitioner.
*Alan S. Beinhorn*, for the respondent.

OPINION

SIMPSON, *Judge*: This matter is before us on the parties' cross motions to dismiss for lack of jurisdiction. The petitioner claims that the notice of deficiency was invalid because it was not mailed to the last known address of the estate or to the proper estate representative. The Commissioner claims that the petition was not filed within 90 days after the mailing of the notice of deficiency. Sec. 6213(a), I.R.C. 1954.[1] At the conclusion of the hearing on such motions, the Court took them under advisement.

Mary McElroy (the decedent) died on March 29, 1978. The decedent's estate is the petitioner. At the time of her death, the decedent was domiciled in Reno, Nev., and she owned property in Nevada and California. In her will, she appointed her brother, Robert Barnett, and her friends, Bart Cox and Quinton Asp, as coexecutors of her estate. On April 25, 1978, the Second Judicial District Court of Nevada for Washoe County (the Nevada court) ordered the appointment of Mr. Barnett, Mr. Cox, and Mr. Asp as coexecutors of the McElroy estate and granted them letters testamentary. Attorney Glade L. Hall represented the estate in the Nevada proceedings, but he did not initially represent the estate in tax matters. On May 12, 1978, Mr. Barnett filed a statement with the Nevada court listing his address as 13920 Dicky Street, Whittier, Calif. 90605.

An ancillary administration of the decedent's estate was conducted in California, and Mr. Barnett acted as executor in such proceedings. Attorney Douglas Gray represented the estate in the California proceedings. The ancillary administration was closed on March 24, 1981.

On November 24, 1981, the Nevada court ordered the distribution of the estate. The court also ordered that the

---

[1] All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.

executors retain up to $25,000 to provide for a potential estate tax deficiency. The order provided that the Nevada court would retain jurisdiction of the estate until it was closed, at which time the executors would be discharged. The estate has not yet been closed, and the executors have not been discharged.

The estate filed its Federal estate tax return, Form 706, on August 29, 1979. Under the heading "Name of personal representative" were listed the names and addresses of the three coexecutors. Mr. Barnett's name was listed first, as follows: "Robert Barnett/ CA Executor 13920 Dickey Street, Whittier, California." The return showed an estate tax balance due of $401,706. A check for such amount, signed by Mr. Barnett and payable to the Internal Revenue Service was drawn on August 29, 1979, on the estate's bank account in Encino, Calif. On December 26, 1979, Mr. Asp drew a check, also payable to the IRS for $18,725.65, on the estate's bank account in Reno. The estate tax return specified that the estate's attorney was John Laub and listed Mr. Laub's address in Reno. Mr. Asp signed the return as the estate's personal representative. Neither Mr. Barnett nor Mr. Cox signed the return. Mr. Laub signed the return as the preparer.

During the first half of 1981, William Pannell of the District Director's Office in Reno corresponded with Mr. Asp and Mr. Gray concerning his examination of the estate's tax liability. On March 18, 1981, Mr. Asp, as executor of the estate, executed a power of attorney, Form 2848, in favor of Mr. Laub and his law partner authorizing the attorneys to represent the estate and directing that copies of any correspondence addressed to the taxpayer be sent to the attorneys.

On March 26, 1982, the Commissioner issued to the estate a notice of deficiency in estate tax, addressed as follows:

Estate of Mary B. McElroy
Robert Barnett, Executor
13920 Dickey Street
Whittier, CA 90601

A copy of the notice was sent to Mr. Laub at the address specified on the power of attorney. During February 1982, Mr. Laub had apparently ceased the practice of law and departed to Utah. Mr. Barnett received the deficiency notice and

attempted, without success, to contact Mr. Laub. On June 20, 1982, Mr. Barnett, as executor, executed a power of attorney in favor of Mr. Hall, who represented the estate in the Nevada proceedings, and P. Gregory Giordano authorizing them to represent the estate in tax matters.

The 90-day period for filing the petition (sec. 6213(a)) expired on Thursday, June 24, 1982. The petition, dated June 25, 1982, was mailed to this Court in an envelope postmarked June 26, 1982. The petitioner has conceded that if the notice of deficiency is valid, the petitioner is untimely.

The petitioner contends that the notice of deficiency was invalid because it was not sent to the last known address of the estate or of the proper estate representative. For purposes of section 6212, this Court has defined a taxpayer's last known address as the address to which, in light of all the facts and circumstances, the Commissioner reasonably believed the taxpayer wished the notice of deficiency to be sent. *Frieling v. Commissioner*, 81 T.C. 42, 49 (1983); *Looper v. Commissioner*, 73 T.C. 690, 696 (1980); *Lifter v. Commissioner*, 59 T.C. 818, 821 (1973). There may be more than one such address. *Delman v. Commissioner*, 384 F.2d 929, 932 (3d Cir. 1967), affg. a Memorandum Opinion of this Court; *Lifter v. Commissioner, supra* at 822.[2]

Rules regarding the address to which a notice of deficiency in estate tax is to be sent are contained in sections 6212 and 6903. Such sections provide that once the Commissioner has been notified of the existence of a fiduciary relationship, the fiduciary steps into the shoes of the taxpayer for tax purposes, and the notice of deficiency is to be sent to such fiduciary. In the absence of such notice to the Commissioner, he may send the notice of deficiency in estate tax to the decedent at her last known address. Secs. 6212(b)(3), 6903; sec. 301.6903–1(c), Proced. & Admin. Regs.; *Estate of Berry v. Commissioner*, 41 T.C. 702 (1964). In the present case, no Form 56, Notice Concerning Fiduciary Relationship, was filed pursuant to section 6903 (see sec. 301.6903–1(b), Proced. & Admin. Regs.). The question whether the filing of the estate tax return was sufficient notice under section 6903 is not before us, and we

---

[2]See also *Cassidy v. Commissioner*, T.C. Memo. 1982–406.

need not resolve it.[3]

The petitioner contends that the Commissioner was required to send the notice to Mr. Asp and that the notice sent to Mr. Barnett was invalid. The petitioner asserts that, of the coexecutors, Mr. Asp alone signed the estate tax return and the power of attorney and that the Commissioner's agents dealt primarily with Mr. Asp during the audit. The petitioner concludes that such facts sufficed to clearly notify the Commissioner that the notice of deficiency was to be sent to Mr. Asp.

We conclude that the Commissioner had no reasonable basis for believing that the notice of deficiency had to be sent to any particular coexecutor. No estate representative had in any way unequivocally indicated that Mr. Asp alone could receive the notice. Although Mr. Asp was the only executor to sign the estate tax return, Mr. Barnett signed the check in payment of the tax shown by the return to be due. Moreover, the return listed the names and addresses of the three coexecutors as representatives of the estate, and Mr. Barnett's name was listed first. Finally, although Mr. Pannell did correspond with Mr. Asp during the audit of the estate's return, he also corresponded with Mr. Gray, who represented the estate in the California proceedings in which Mr. Barnett acted as executor.

The Commissioner also sent a copy of the notice of deficiency to Mr. Laub, pursuant to the power of attorney filed by Mr. Asp. The petitioner does not appear to argue that the power constituted Mr. Laub's address as the estate's last known address to which the *original* notice had to be sent, nor could such an argument be maintained. *Houghton v. Commissioner*, 48 T.C. 656, 661 (1967); see *Keeton v. Commissioner*, 74 T.C. 377, 385–386 (1980); cf. *Reddock v. Commissioner*, 72 T.C. 21, 24–25 (1979); but see *Johnson v. Commissioner*, 611 F.2d 1015, 1019–1020 (5th Cir. 1980), revg. a Memorandum Opinion of this Court. In any event, sending the original notice to Mr. Laub would have proved as fruitless as did sending him the copy.

We are thus faced with a situation where the Commissioner received no specific guidance from the estate fiduciaries regarding the proper address for the notice of deficiency. Even if the estate tax return constituted sufficient notice of fiducia-

---

[3]See *Estate of Callahan v. Commissioner*, T.C. Memo. 1981–357.

ry relationship pursuant to section 6903, the return did not specify which executor was to receive any notice of deficiency. In such a situation, the Commissioner was justified in sending the notice to the address where, in light of all the facts and circumstances, he reasonably believed the taxpayer wished the notice to be sent. See *Frieling v. Commissioner*, 81 T.C. at 49. He sent the notice to one of the executors listed on the estate tax return, and such executor actually received the notice, apparently without delay. See *Mulvania v. Commissioner*, 81 T.C. 65, 68 (1983), on appeal (9th Cir., Oct. 21, 1983). We cannot say that the Commissioner's choice of address was unreasonable nor that he was compelled to single out any particular executor to receive the notice; all are still qualified under Nevada law. His choice of Mr. Barnett's address appears as reasonable as his choice of Mr. Asp's would have been. Certainly, the Commissioner had no reason to prefer a different address.[4] See *Lifter v. Commissioner*, 59 T.C. at 822. Accordingly, we hold that the notice of deficiency is valid and that the petition is untimely. We will deny the petitioner's motion to dismiss and grant the Commissioner's motion to dismiss this case since the petition was not timely filed.

*An appropriate order will be entered.*

---

[4]The petitioner does not argue that the notice is invalid because of mistakes in the address to which it was sent. We have observed that, although the Commissioner appears to have misspelled the name of the street on which Mr. Barnett lived, such spelling was used on the estate tax return. Although the last digit in the zip code used was also apparently incorrect, such errors have been held to be inconsequential when they did not prejudicially delay receipt of the notice. *Clodfelter v. Commissioner*, 527 F.2d 754, 756 (9th Cir. 1975), affg. 57 T.C. 102 (1971).