T.C. Memo. 2003-98

UNITED STATES TAX COURT

ESTATE OF ISABELLE N. GREENWOOD, DECEASED, DONNA NORQUIST AND
CHRISTINE N. STAMEY, INDEPENDENT CO-EXECUTRIXES, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12214-02.                    Filed April 9, 2003.

<u>Edward D. Urquhart</u>, <u>John W. Porter</u>, and <u>Stephanie Loomis-
Price</u>, for petitioners.

<u>Lillian D. Brigman</u>, for respondent.

MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  This case is before the Court on the
estate's motion to dismiss for lack of jurisdiction filed

pursuant to Rule 40.[1]  Respondent determined a Federal estate tax deficiency of $2,532,269 with respect to the Estate of Isabelle N. Greenwood (the estate).  The estate contends that respondent did not mail a notice of estate tax deficiency to the estate or, if respondent did mail the notice, the notice was not mailed to the estate's last known address and was, therefore, invalid.

## Background

Isabelle Greenwood (the decedent) resided in Houston, Texas, when she died on August 25, 1998.  The coexecutrixes of decedent's estate, Donna Norquist (Ms. Norquist) and Christine N. Stamey (Mrs. Stamey),[2] resided in Santa Fe, New Mexico, and Houston, Texas, respectively, on the date the petition was filed in this case.

On September 24, 1998, the estate mailed to respondent a Form 56, Notice Concerning Fiduciary Relationship, designating Ms. Norquist and Mrs. Stamey as coexecutrixes and 2115 Wroxton Road, Houston, Texas 77005 (the Wroxton Road address), as the fiduciary address.

On May 25, 1999, the estate timely filed Form 706, United

---

[1]All section references are to the Internal Revenue Code in effect on the date of decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Ms. Norquist and Mrs. Stamey are the decedent's daughters.

States Estate Tax Return, naming as coexecutrixes Ms. Norquist at 962 Stage Road, Aspen, Colorado 81611 (the Aspen address), and Mrs. Stamey at the Wroxton Road address. The estate attached to the estate tax return a Form 2848, Power of Attorney, dated May 25, 1999, which also provided the Aspen address for Ms. Norquist[3] and the Wroxton Road address for Mrs. Stamey. The power of attorney directed that respondent send all original notices or communications to Anne Hardiman (Ms. Hardiman), the attorney who prepared the estate tax return.

The estate filed Form 1041, United States Income Tax Return for Estates and Trusts, for each of the taxable years 1998 and 1999. Both the 1998 return, filed on or about January 27, 2000, and the 1999 return, filed on or about January 22, 2001, listed the Wroxton Road address as the address for the estate, Ms. Norquist, and Mrs. Stamey.

On November 19, 2001, the estate mailed to respondent a new Form 2848 that revoked the prior power of attorney, directed that the estate receive all original notices and communications, and listed the Wroxton Road address as the mailing address for the estate, Ms. Norquist, and Mrs. Stamey. The power of attorney also required that respondent send a copy of all notices and communications to the estate's attorney, Edward D. Urquhart (Mr.

---

[3]On Jan. 24, 2000, Ms. Norquist filed a form with the U.S. Postal Service to change her address from the Aspen address to 1438-B Bishop's Lodge Road, Santa Fe, New Mexico 87501. Ms. Norquist and her husband, James Walter Dickson, used this new address on their 1999 and 2000 joint income tax returns.

Urquhart).

On May 8, 2002, respondent mailed by certified mail a notice of estate tax deficiency (the notice) in an envelope addressed to the estate and Ms. Norquist at the Aspen address.  The record is not clear as to what became of the notice sent to the Aspen address.[4]  On its face, the notice was also addressed to Mrs. Stamey at the Wroxton Road address, but respondent did not mail a copy to Mrs. Stamey.

Additionally, on May 8, 2002, respondent mailed copies of the notice to Ms. Hardiman and Mr. Urquhart.  Both Ms. Hardiman and Mr. Urquhart received their copies.

The estate filed a timely petition with this Court on July 24, 2002.  On the same day, the estate filed a motion to dismiss for lack of jurisdiction to which respondent objected on September 19, 2002.  The Court held a hearing on the motion to dismiss at the Court's trial session in Houston, Texas, on October 22, 2002.  Counsel for the estate and respondent appeared at the hearing and presented their positions on the motion to dismiss.

## Discussion

The estate argues that we lack jurisdiction.  The two

---

[4]The estate claims that it did not receive the notice of deficiency from respondent.  Respondent acknowledges that he did not remail the notice to the estate at the Wroxton Road address or at any other address.

requirements for our jurisdiction in a deficiency case are a valid notice of deficiency issued by the Commissioner and a timely petition filed by the taxpayer.  Frieling v. Commissioner, 81 T.C. 42, 46 (1983).  Because the estate timely filed its petition in this case, the only jurisdictional issue for our consideration is the validity of the notice of deficiency.

If the Commissioner determines that there is a deficiency in estate tax, he is authorized to send notice of such deficiency "to the taxpayer by certified mail or registered mail."  Sec. 6212(a); see also Abeles v. Commissioner, 91 T.C. 1019, 1026 (1988).[5]  Section 6212(b) authorizes the Commissioner to use certain addresses in mailing the notice of deficiency.  Section 6212(b)(3), which deals solely with the estate tax, provides that, in the absence of a notice concerning fiduciary relationship filed under section 6903, a notice of estate tax deficiency addressed and mailed to the decedent at the decedent's last known address is sufficient for purposes of chapter 11 (dealing with the estate tax) and chapter 63 (dealing with assessment).

---

[5]The mailing of a notice under sec. 6212(a) suspends the running of the 3-year limitations period for assessments (the limitations period) and triggers the taxpayer's right to petition this Court for redetermination of the deficiency.  Secs. 6213(a), 6503(a)(1); see also St. Joseph Lease Capital Corp. v. Commissioner, 235 F.3d 886, 888-889 (4th Cir. 2000) (holding that in order to suspend the limitations period, the mailing need comply only with section 6212(a)), affg. T.C. Memo. 1996-256.

In this case, the coexecutrixes of decedent's estate filed a notice of fiduciary relationship pursuant to section 6903. Section 6903 provides:

> Upon notice to the Secretary that any person is acting for another person in a fiduciary capacity, such fiduciary shall assume the powers, rights, duties, and privileges of such other person in respect of a tax imposed by this title (except as otherwise specifically provided and except that the tax shall be collected from the estate of such other person), until notice is given that the fiduciary capacity has terminated.

Once a notice of fiduciary relationship is filed, the fiduciary steps into the shoes of the decedent, and any notice to which the decedent might otherwise be entitled will be sufficient if furnished to the decedent's fiduciary, unless and until notice is given that the fiduciary relationship has been terminated. Sec. 6903; see also sec. 301.6903-1, Proced. & Admin. Regs.

There is no dispute in this case that, in a Form 56 mailed to respondent on September 24, 1998, the estate timely notified respondent pursuant to section 6903 that the estate fiduciaries' address of record was the Wroxton Road address. There is also no dispute that, although the notice of estate tax deficiency bore the Aspen address and the Wroxton Road address, respondent inexplicably did not mail the notice to the Wroxton Road address. Instead, respondent mailed the original notice of estate tax deficiency to the former residential address (the Aspen address) of one of the fiduciaries and to the attorneys for the estate

named in the May 25, 1999, and November 19, 2001, powers of attorney (Forms 2848).

Based on the above uncontested facts, the estate contends that respondent failed to mail the notice of deficiency <u>to the</u> <u>taxpayer</u> in order to satisfy section 6212 and that, therefore, the notice of deficiency is invalid, depriving this Court of jurisdiction over this matter. The estate also contends that based on two opinions of the United States Court of Appeals for the Fifth Circuit, which the estate asserts are controlling, respondent's failure to mail the notice to the taxpayer's last known address invalidated the notice. We address the estate's arguments below.

A. <u>The Fiduciaries' Address</u>

Upon filing the notice concerning fiduciary relationship, Ms. Norquist and Mrs. Stamey assumed the rights and duties of the decedent for estate tax purposes. Sec. 6903(a); <u>Estate of</u> <u>McElroy v. Commissioner</u>, 82 T.C. 509, 512 (1984). The notice identified the fiduciaries' address as the Wroxton Road address. <u>Reddock v. Commissioner</u>, 72 T.C. 21, 24 (1979). Respondent concedes that the Wroxton Road address was the estate's last known address and that he did not mail the notice to that address.

B. <u>Validity of the Notice</u>

The Wroxton Road address appeared on the face of the notice,

printed next to the Aspen address,[6] but respondent concedes that he did not mail the notice to the Wroxton Road address. Respondent mailed the notice only to one coexecutrix, Ms. Norquist, at the Aspen address. According to the estate, respondent's failure to mail the notice to the Wroxton Road address constituted "a fundamental failure to comply with Section 6212(a)."

Respondent contends that his mailing, while flawed, was sufficient on the facts involved here to comply with section 6212(a). Respondent argues that section 6212(a) requires a mailing to the estate which either was sent to the estate's last known address or, if sent to an incorrect address, was actually received by the estate in sufficient time to meet the deadline for filing a petition in this Court. Respondent contends that the latter requirement was satisfied because the estate actually filed a petition with this Court prior to the expiration of the filing period. We agree with respondent.

The purpose of the mailing under section 6212 is to provide the taxpayer with notice and an opportunity to petition the Court to challenge the Commissioner's determination of a deficiency. <u>Frieling v. Commissioner</u>, 81 T.C. at 53; <u>Reddock v. Commissioner</u>, <u>supra</u> at 25; <u>Lifter v. Commissioner</u>, 59 T.C. 818, 820 (1973);

---

[6]Respondent's use of the Aspen address for Ms. Norquist and the Wroxton Road address for Mrs. Stamey reflected the fiduciaries' addresses as they appeared on the estate tax return.

Estate of Citrino v. Commissioner, T.C. Memo. 1987-565. At the hearing, the estate conceded that it had received actual notice[7] of the estate tax deficiency but emphasized that respondent did not provide it. The estate's position is that a notice of deficiency is not valid for purposes of section 6212(a) unless respondent provides it to the estate directly. As support, the estate cites Keeton v. Commissioner, 74 T.C. 377, 385 (1980), and Houghton v. Commissioner, 48 T.C. 656, 661 (1967), cases in which we concluded that a power of attorney directing respondent to mail copies of notices of deficiency to the attorney does not permit the substitution of the attorney's address for the taxpayer's last known address. Keeton v. Commissioner, supra, and Houghton v. Commissioner, supra at 666, are distinguishable, however, because the taxpayer in each of those cases did not have actual notice of the deficiencies and did not file timely petitions.

When a taxpayer receives actual notice of a deficiency and does not suffer prejudicial delay in filing a timely petition with this Court, the notice of deficiency, even though incorrectly addressed, is valid under section 6212(a). St. Joseph Lease Capital Corp. v. Commissioner, 235 F.3d 886, 891-892

[7]The record is not clear as to how the estate learned of the notice of deficiency. One of the estate's attorneys may have informed the estate of the notice, or the notice that was mailed to the Aspen address may have been forwarded by the U.S. Postal Service to Ms. Norquist.

(4th Cir. 2000), affg. T.C. Memo. 1996-256; Estate of Biskis v. Commissioner, T.C. Memo. 2001-94; Estate of Citrino v. Commissioner, supra.  Even if the Commissioner mails the notice of deficiency to a third party and not directly to the taxpayers as section 6212(a) requires, the notice of deficiency is still a valid notice under section 6212 as long as the taxpayer receives actual notice of the proposed deficiency and files a timely petition to contest it.  See St. Joseph Lease Capital Corp. v. Commissioner, supra (holding as valid a notice of deficiency not mailed to the taxpayer's last known address but faxed to the taxpayer's attorney and challenged by a timely petition); Lifter v. Commissioner, supra at 822-823 (holding as valid a notice of deficiency not mailed to the taxpayers' last known address, but received by the taxpayers' attorney and challenged by a timely petition); Brookshire v. Commissioner, T.C. Memo. 1990-258; Estate of Citrino v. Commissioner, supra (holding as valid a notice of deficiency not mailed to the fiduciary's last known address, but somehow obtained by the taxpayer or his attorney in time to file a timely petition).

The estate falls squarely within the aforementioned holdings because the estate received actual notice of the deficiency without prejudicial delay and filed a timely petition contesting the deficiency in this Court.  However, the estate contends that we are required by our opinion in Golsen v. Commissioner, 54 T.C.

742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971), to follow the opinions of the United States Court of Appeals for the Fifth Circuit in Ward v. Commissioner, 907 F.2d 517 (5th Cir. 1990), revg. 92 T.C. 949 (1989), and Mulder v. Commissioner, 855 F.2d 208 (5th Cir. 1988), revg. T.C. Memo. 1987-363. According to the estate, the Court of Appeals for the Fifth Circuit held in Ward and Mulder that notices of deficiency mailed to an address other than the taxpayer's last known address were invalid. Respondent disagrees. Respondent contends that Ward and Mulder are distinguishable from this case and that, therefore, we are not obligated to treat the opinions as precedent under Golsen. We agree.

In Golsen v. Commissioner, supra at 757, we held that we must "follow a Court of Appeals decision which is squarely in point where appeal from our decision lies to that Court of Appeals and to that court alone." We shall assume arguendo for purposes of this analysis, that an appeal from our decision in this case would lie in the Court of Appeals for the Fifth Circuit. See sec. 7482(b)(1). We shall focus our analysis on whether the opinions of the Court of Appeals in Ward and Mulder are "squarely in point". A comparison of the undisputed facts in this case with the facts found by the Court of Appeals in Ward and Mulder confirms that the cases are distinguishable.

In Ward v. Commissioner, supra, the taxpayer sent to the Commissioner a letter containing the taxpayer's new address.  Id. at 518.  During the period for processing the address change, the Commissioner prepared a notice of deficiency with the taxpayer's old address as it appeared in the Commissioner's computer.  Id. at 519.  The taxpayer did not receive the notice of deficiency and knew nothing of the deficiency until after the 90-day period for petitioning this Court had expired.  Id.  The Court of Appeals for the Fifth Circuit concluded that the Commissioner did not exercise reasonable diligence in ascertaining the taxpayer's last known address.  Id. at 522.  The Commissioner's agent should have noticed that the taxpayer's computer file displayed the letters "PN" (pending notice) and a posting code, signifying a pending address change.  Id.  The Court of Appeals held that the notice of deficiency was invalid, noting that, under section 6212(a):  "To be effective, a notice of deficiency must be mailed to the taxpayer at his 'last known address'."  Id. at 521.

In Mulder v. Commissioner, supra, the taxpayer relocated and did not notify the Commissioner of the change in his address.  Id. at 209.  In an effort to secure an extension of the applicable period of limitations on assessment from the taxpayer, the Commissioner mailed to the taxpayer's old address, but received back as undeliverable, two extension requests.  The Commissioner also mailed the notice of deficiency by certified

mail to the same address.  Id. at 209-210.  The taxpayer did not receive the notice of deficiency and did not learn of the deficiency until the 90-day period for petitioning this Court had expired.  Id. at 210.  As in Ward v. Commissioner, supra, the Court of Appeals for the Fifth Circuit concluded that the Commissioner had failed to exercise reasonable diligence in obtaining the taxpayer's last known address.  Mulder v. Commissioner, supra at 212.  According to the Court of Appeals, the returned, undeliverable extension requests should have put the Commissioner on notice that the taxpayer's address in the computer was incorrect.  Id.  The Court of Appeals again held that the notice of deficiency was invalid under section 6212. Id. at 210-211.

The opinions in Ward and Mulder do not compel a conclusion that the notice of deficiency in this case was invalid because the cases involved materially different facts and are distinguishable from this case.  The taxpayers in Ward and Mulder did not receive actual notice of the deficiency and clearly experienced prejudicial delay in filing a timely petition to challenge the deficiency.  In contrast, the estate received actual notice of the deficiency and filed a timely petition in this Court.[8]

---

[8]The Court of Appeals for the Fifth Circuit has not decided a last known address case in which the taxpayers had actual
(continued...)

The opinions in Ward and Mulder are not controlling, and no other Fifth Circuit case requires that we adopt the estate's position.  Consistent with existing precedent, therefore, we hold that respondent's concession that he failed to send the notice of deficiency to the estate's last known address did not invalidate the notice of deficiency in this case because respondent timely mailed the notice of deficiency under section 6212(a), the estate received actual notice of the determination of deficiency without prejudicial delay, and the estate filed a timely petition to contest the proposed deficiency.  See Mulvania v. Commissioner, 81 T.C. 65, 68 (1983); see also Clodfelter v. Commissioner, 527 F.2d 754, 757 (9th Cir. 1975), affg. 57 T.C. 102 (1971); St. Joseph Lease Capital Corp. v. Commissioner, T.C. Memo. 1996-256.

We have considered the remaining arguments of both parties for a result different from that reached herein and, to the

---

[8](...continued)
notice of the deficiency and filed a timely petition.  However, the Court of Appeals for the Fifth Circuit in Johnson v. Commissioner, 611 F.2d 1015, 1018 (5th Cir. 1980), revg. T.C. Memo. 1977-382, acknowledged in dicta that, while a valid notice of deficiency ordinarily must be mailed to a taxpayer's last known address, an exception may apply in "the case where a taxpayer has actually received the notice in some other manner." The Court of Appeals for the Fifth Circuit noted that mailing a copy to the taxpayer's attorney "would likely * * * [give the] taxpayer notice of the asserted deficiency and thus an opportunity to timely file a petition for redetermination."  Id. at 1019-1020 n.7.  The predicted result actually occurred in this case where the estate's attorney received a copy of the notice of deficiency, apparently shared it with the estate, and the estate filed a timely petition.

extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

<u>An appropriate order will be issued.</u>