*Decision will be entered under Rule 155.*

GERALD H. FRIELING, JR., AND JOAN L. FRIELING, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 10753–80.    Filed July 20, 1983.

---

*Richard A. Hanson,* for the petitioners.
*Val J. Albright,* for the respondent.

PARKER, *Judge*: Respondent determined a deficiency in petitioners' 1976 Federal income tax in the amount of $7,040.[1] The case is presently before the Court on petitioners' motion to dismiss for lack of a timely notice of deficiency. See Rule 53, Tax Court Rules of Practice and Procedure.

The general issue for decision is whether a valid notice of deficiency was issued within the 3-year statute of limitations provided in section 6501(a).[2] Specifically, we first must decide whether the notice of deficiency was mailed to petitioners at their "last known address," as that term is used in section 6212(b)(1). If not, we then must decide whether a notice of deficiency must be mailed to the taxpayers' "last known address" in order to be valid under section 6212(a) and to toll the period of limitations on the date it is mailed pursuant to section 6503(a)(1).

FINDINGS OF FACT

Most of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference.

Petitioners Gerald H. Frieling, Jr., and Joan L. Frieling, husband and wife, resided in Niles, Mich., at the time they filed the petition in this case. On or before April 15, 1977, they filed a joint Federal income tax return for the calendar year

---

[1]The deficiency is attributable to the disallowance of a deduction that petitioners claimed for their distributive share of a partnership loss.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect on Apr. 15, 1980, the date on which the notice of deficiency was issued.

1976 with the Internal Revenue Service Center at Philadelphia, Pa. The address set forth on that return was 9 Maulfair Drive, R.D. #2, Allentown, Pa. 18103 (Allentown address).

During 1976, petitioner Gerald Frieling was a limited partner in the Parke Lessors-Yorkville partnership. Sometime after April 15, 1977, respondent commenced an audit of the partnership and of petitioners' 1976 tax return. At all relevant times, the Office of the Returns Program Manager for the Office of the District Director of Internal Revenue at Philadelphia, Pa., was responsible for monitoring the limitations periods on assessment and requesting consents to extend those periods for tax years of certain taxpayers who were members of partnerships which were either already under audit or to be audited. The Office of the Returns Program Manager thus was responsible for monitoring the limitations period for petitioners' 1976 return and for obtaining their consent to extend that period.

In April of 1979, petitioners moved from the Allentown address shown on their 1976 return to a new address at 514 Laurel Drive, Niles, Mich. 49120 (Niles address). They resided at the Niles address at all times between April of 1979 and the filing of the petition in this case.

On November 1, 1979, the Office of the Returns Program Manager mailed a "Consent to Extend Time to Assess Tax" (Form 872) for the taxable year 1976 to petitioners at the Allentown address. Petitioners received the Form 872 sometime after it was mailed but did not execute it. On February 25, 1980, the Office of the Returns Program Manager mailed a second request to extend the period of limitations for the year 1976 to petitioners at the Allentown address. Again, petitioners received that request sometime after it was mailed but did not execute it.

On or about April 3, 1980, petitioner Gerald Frieling orally advised an employee in the Office of the Returns Program Manager by telephone that petitioners' new address was the Niles address. On that same date, the Office of the Returns Program Manager mailed a Form 872 for the taxable year 1976 to petitioners at the Niles address. The portion of the Form 872 pertaining to petitioners' address stated "Per Return: 9 Maulfair Dr., R.D. 2, Allentown, PA 18103" and

"Presently: 514 Laurel Drive, Niles, MI 49120." Petitioners received this Form 872 on or about April 10, 1980.

Petitioners signed this Form 872[3] and mailed it on April 14, 1980, in a pre-addressed envelope to "Internal Revenue Service, 600 Arch Street, Philadelphia, Pennsylvania 19106, Attention: Returns Program Manager, P.O. Box 12836, Philadelphia, Pennsylvania 19106." The District Director's Office received the Form 872 on April 16, 1980. However, the Form 872 was received after April 15, 1980, and therefore was never executed on behalf of the Internal Revenue Service.[4] The last day for assessment of petitioners' 1976 tax liability was April 15, 1980.

On April 15, 1980, the District Director's Office mailed a notice of deficiency for 1976 by certified mail to petitioners at the Allentown address. On April 16, 1980, the notice was received by the Allentown Post Office and delivered to the mail carrier serving the area that included the Allentown address. On that same date, the mail carrier crossed out the Allentown address, wrote in the Niles address on the envelope, and returned the notice to the Allentown Post Office. The U.S. Postal Service (Postal Service) subsequently delivered the notice of deficiency to petitioners at the Niles address. The record does not indicate exactly when petitioners received the notice of deficiency, only that it was received sometime between April 16, 1980, and June 26, 1980, the date on which the petition was received by the Court. On June 26, 1980, within 90 days after the notice of deficiency was mailed to them, petitioners timely filed their petition with this Court.

Petitioners made two alternative contentions in their petition:

(a) Respondent erred in failing to mail the Notice of Deficiency to petitioners at their last known address within the statutory period for assessment of a deficiency with respect to the petitioners' 1976 income taxes.

---

[3]The Form 872 indicates that petitioners signed it on "8/11/80." However, the parties have stipulated that the consent form was signed and mailed by petitioners on or before Apr. 14, 1980, and the envelope in which petitioners mailed the Form 872 is postmarked Kalamazoo, Mich., on Apr. 14, 1980.

[4]For any extension by agreement to be effective, respondent and the taxpayer must consent in writing *before* expiration of the time prescribed for assessment of the tax or *before* expiration of any period previously agreed upon. Sec. 6501(c)(4); sec. 301.6501(c)-(1)(d), Proced. & Admin. Regs.

(b) Alternatively, if it is determined that the Notice of Deficiency was timely mailed to petitioners' last known address, respondent erred in determining that petitioners overstated their distributive share of loss from the Parke Lessors-Yorkville partnership by the amount of $14,081, or any lesser amount.

Respondent filed his answer with the Court in which he generally denied petitioners' contentions. Thereafter, petitioners filed the present motion to dismiss for lack of a timely notice of deficiency.

## OPINION

Our jurisdiction in deficiency cases depends upon the Commissioner's issuing a valid notice of deficiency to the taxpayer and the taxpayer's timely filing his petition in this Court. The notice of deficiency[5] triggers three separate but interrelated events. The mailing of a notice of deficiency tolls the running of the period of limitations on assessment or collection of any deficiency. Sec. 6503(a)(1).[6] The mailing of a notice of deficiency starts the running of the 90-day (or 150-day) period for filing a petition in this Court. Sec. 6213(a).[7] And

---

[5]SEC. 6212. NOTICE OF DEFICIENCY.

(a) IN GENERAL.—If the Secretary determines that there is a deficiency in respect of any tax imposed by subtitle A or B or chapter 41, 42, 43, 44, or 45, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.

(b) ADDRESS FOR NOTICE OF DEFICIENCY.—

(1) INCOME AND GIFT TAXES AND CERTAIN EXCISE TAXES.—In the absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A, chapter 12, chapter 42, chapter 43, chapter 44, or chapter 45 if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, chapter 42, chapter 43, chapter 44, chapter 45, and this chapter even if such taxpayer is deceased, or is under a legal disability or, in the case of a corporation, has terminated its existence.

[6]SEC. 6503. SUSPENSION OF RUNNING OF PERIOD OF LIMITATION.

(a) ISSUANCE OF STATUTORY NOTICE OF DEFICIENCY.—

(1) GENERAL RULE.—The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or the collection by levy or a proceeding in court, in respect of any deficiency as defined in section 6211 (relating to income, estate, gift and certain excise taxes), shall (after the mailing of a notice under section 6212(a)) be suspended for the period during which the Secretary is prohibited from making the assessment or from collecting by levy or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for 60 days thereafter.

[7]Sec. 6213(a), in pertinent part, provides:

(a) TIME FOR FILING PETITION AND RESTRICTION ON ASSESSMENT.—Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of

the mailing of a notice of deficiency also bars the Commissioner from making any assessment or collection during that 90-day (or 150-day) period and, if a petition is filed in the Court, bars such assessment or collection until the decision of the Tax Court has become final.[8]

The issues in this case are (1) whether or not the notice of deficiency was sent to petitioners' "last known address" as that term is used in section 6212(b)(1), and (2) if not, whether the notice of deficiency is nonetheless valid to toll the limitations period under section 6503(a)(1), where the notice was received by petitioners and where petitioners timely filed their petition within 90 days after the mailing of the notice of deficiency. The Court has decided many cases involving a taxpayer's "last known address," usually in the context of whether or not the petition was timely filed under section 6213(a). This case for the first time presents the question of whether the "last known address" provision of section 6212(b)(1) is a legal requirement for a notice of deficiency to be valid for purposes of tolling the running of the limitations period under section 6503(a)(1). The issue is critical here because the notice of deficiency was mailed on the last day of the 3-year limitations period.

Section 6501(a) provides that the amount of any deficiency shall be assessed within 3 years after the return was filed.[9] Section 6503(a)(1) provides, however, that the running of the 3-year period of limitations on assessment is suspended by "the mailing of a notice under section 6212(a)" for the period during

---

deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * *

[8]Sec. 6213(a), in pertinent part, provides:

Except as otherwise provided in section 6851 or section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B or chapter 41, 42, 43, 44, or 45 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. * * *

[9]SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION.

(a) GENERAL RULE.—Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.

which assessment is prohibited and for 60 days thereafter. It is well settled that a notice of deficiency mailed to the taxpayer's "last known address" is valid for all purposes from the date of its mailing whether or not the taxpayer actually receives it. *Zenco Engineering Corp. v. Commissioner*, 75 T.C. 318, 321–322 (1980), affd. without published opinion 673 F.2d 1332 (7th Cir. 1981); *Lifter v. Commissioner*, 59 T.C. 818, 820–821 (1973); *Brzezinski v. Commissioner*, 23 T.C. 192, 195 (1954). Such a notice commences the 90-day period for petitioning this Court and tolls the statute of limitations on assessment of the tax on the date it is mailed. Secs. 6213(a) and 6503(a)(1).

Respondent's first argument is that the notice of deficiency was mailed to petitioners at their "last known address." If respondent is right and the foregoing rules apply, then we need go no further. Petitioners contend, however, that respondent failed to mail the notice of deficiency to them at their "last known address." As a consequence, they argue, the notice was not effective until it was actually received by them, at which time the statute of limitations under section 6501(a) had expired.

## *Issue 1. Last Known Address*

In arguing that the notice of deficiency was not mailed to their "last known address," petitioners emphasize that, 12 days before the notice was mailed, they orally notified an employee of the Office of the Returns Program Manager by telephone that their new address was the Niles address. They also point out that on the same day they gave their notification, respondent mailed a Form 872 to them at the Niles address which specifically listed their present address as the Niles address. Petitioners received that Form 872, executed it, and returned it to respondent. However, the Form 872 was not received by respondent until the day after the 3-year period of limitations would have otherwise run. On the last day of the 3-year period, respondent mailed a notice of deficiency to petitioners at their old Allentown address.

Respondent argues that petitioners failed to give clear and concise notification of a change of address to the Niles address. In this regard, respondent contends (1) that the oral notification by telephone was inadequate due to problems with identifying the caller and proving the substance of the

conversation, and (2) that notification of an employee of the Office of the Returns Program Manager did not constitute notice to an appropriate employee of respondent. We agree with petitioners that the notice of deficiency was not mailed to their last known address.

Neither section 6212 nor the regulations promulgated thereunder define a taxpayer's "last known address." We have defined it as the address to which, in light of all the facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. In determining whether respondent has mailed a notice to the taxpayer's "last known address," the relevant inquiry thus pertains to respondent's knowledge rather than to what may in fact be the taxpayer's most current address. *Weinroth v. Commissioner*, 74 T.C. 430, 435 (1980); *Keeton v. Commissioner*, 74 T.C. 377, 382 (1980); *Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976).

Absent "clear and concise notification" from the taxpayer directing respondent to use a different address, respondent is entitled to treat the address shown on the return for which the notice of deficiency is being issued as the taxpayer's "last known address." However, once respondent becomes aware of a change in address, he must exercise reasonable care and diligence in ascertaining and mailing the notice of deficiency to the correct address. Whether respondent has properly discharged this obligation is a question of fact. *McPartlin v. Commissioner*, 653 F.2d 1185, 1189 (7th Cir. 1981), revg. an unpublished order of this Court; *Weinroth v. Commissioner*, *supra* at 435-436; *Alta Sierra Vista, Inc. v. Commissioner*, *supra* at 374.

The facts here show that respondent received "clear and concise notification" prior to the issuance of the notice of deficiency that petitioners no longer lived at the Allentown address. Petitioners' oral notification by telephone was sufficient to put respondent on notice that they had changed their address to the Niles address. See *DeWelles v. United States*, 378 F.2d 37, 39 (9th Cir. 1967), cert. denied 389 U.S. 996 (1967); *Weinroth v. Commissioner*, *supra* at 440. Indeed, on the same date that respondent received notification of the Niles address, he used that address to mail petitioners the last of three

requests to extend the statute of limitations on their 1976 return. The Niles address was also the last permanent[10] address given to respondent before the notice of deficiency was mailed.

In *Weinroth v. Commissioner, supra,* the situation was quite similar to the one here. There, the taxpayers twice notified respondent of a change of address, once in writing and once orally by telephone. Before the notice of deficiency was mailed, respondent mailed a Form 872 to the taxpayers' new address, and one of respondent's agents visited the new address. Nevertheless, respondent mailed the notice of deficiency to the taxpayers' old address. We held that the taxpayers adequately notified respondent that they had changed their address and that respondent thus failed to mail the notice to their "last known address."

In *Weinroth,* we also discussed the question of whom a taxpayer must notify of his new address. It is well established that notification of a new address must be given to the Office of the District Director for the district where the return in question was filed. *Weinroth v. Commissioner, supra* at 437; *Camous v. Commissioner,* 67 T.C. 721, 732 (1977).[11] Here, the Office of the Returns Program Manager was a division of the Office of the District Director at Philadelphia, the district where petitioners' 1976 return was filed. This office was also the specific office responsible for monitoring and obtaining extensions of the statute of limitations on petitioners' 1976 return. We think notification to an employee of the Office of the Returns Program Manager under the facts herein constituted notice to an appropriate employee of respondent.[12]

---

[10]There is no evidence in the record that petitioners indicated to respondent that their move to the Niles address was other than a permanent change of address. See *Looper v. Commissioner,* 73 T.C. 690, 696–697 (1980).

[11]Cf. *Luhring v. Glotzbach,* 304 F.2d 556, 558–559 (4th Cir. 1962) (notice of deficiency was adequate since it was sent to the address last known to the agents in the district where the return was filed).

[12]Respondent does not take the position that petitioners should have notified any particular employee of the Office of the Returns Program Manager or the Office of the District Director at Philadelphia, and we do not think that he could so argue. See *Weinroth v. Commissioner,* 74 T.C. 430, 437–440 (1980). While the fact of oral notification might present a problem of proof in some cases, here respondent stipulated that such oral notification was received by an employee of the Office of the Returns Program Manager.

We hold that petitioners gave adequate notice of their change of address, that the Niles address was petitioners' "last known address," and that, therefore, the notice of deficiency mailed to the Allentown address was not mailed to petitioners at their "last known address."

Since we have held that respondent failed to mail the notice of deficiency to petitioners at their "last known address," we must decide whether the notice nevertheless was valid for purposes of tolling the limitations period under section 6503(a)(1).

## Issue 2. *Validity of the Notice of Deficiency*

### A. SECTION 6212

Respondent maintains that a notice of deficiency need not be mailed to the taxpayer's last known address in order to be valid. Respondent argues that since petitioners here received the notice within the period for petitioning this Court and timely filed a petition, the notice was valid under section 6212(a) without regard to section 6212(b)(1).

Section 6212(a) authorizes the Secretary to send a notice of deficiency "to the taxpayer by certified mail or registered mail." See note 5 above. By authorizing such methods of sending the notice, section 6212(a) does not require that every notice of deficiency be sent in one of these two ways.[13] Neither does it specify the address to which the notice must be directed in order to be sent "to the taxpayer." The phrase "last known address" does not appear in section 6212(a). That phrase appears only in section 6212(b)(1).

---

[13]Sec. 274(a) of the Revenue Act of 1924, ch. 234, 43 Stat. 297, provided for notice of a deficiency by registered mail in mandatory language: "the taxpayer * * * *shall* be notified of * * * [a] deficiency by registered mail." (Emphasis supplied.) Sec. 274(a) of the Revenue Act of 1926, ch. 27, 44 Stat. 55, changed this language to its present form by providing that "the Commissioner is *authorized* to send notice of * * * [a] deficiency to the taxpayer by registered mail." (Emphasis supplied.) Authorization to use certified mail was added in sec. 89(b) of the Technical Amendments Act of 1958, 72 Stat. 1665–1666.

Based on an interpretation of the word "authorized" as being permissive, rather than mandatory, in sec. 6212(a) and its predecessors, it has been held that ordinary mail and methods other than mailing may be used to send a notice of deficiency. See, e.g., *Tenzer v. Commissioner*, 285 F.2d 956 (9th Cir. 1960), revg. an unreported order of this Court (personal service); *Boren v. Riddell*, 241 F.2d 670 (9th Cir. 1957) (ordinary mail). See also *Berger v. Commissioner*, 404 F.2d 668, 673–674 (3d Cir. 1968), affg. 48 T.C. 848 (1967).

Section 6212(b)(1) provides that in cases where the Secretary is not notified of a fiduciary relationship, the notice of deficiency "shall be sufficient" if it is mailed to the taxpayer at his "last known address." See note 5 above. Congress enacted section 6212(b)(1) as a safe harbor that protects the Commissioner by establishing a procedure for giving notice that "shall be sufficient" in cases where, due to the taxpayer's failure to give notice of a change of address, actual notice cannot be perfected.[14] *Mulvania v. Commissioner*, 81 T.C. 65 (1983). Because of this provision, a notice that is mailed to the taxpayer's "last known address" will be valid even if it is never received. *DeWelles v. Commissioner, supra* at 39–40; *Alta Sierra Vista, Inc. v. Commissioner, supra* at 372; *Lifter v. Commissioner, supra* at 821.

Some opinions contain language stating that, under section 6212(b)(1), notice of a deficiency must be sent to the taxpayer's last known address in order to be effective.[15] However, there is

---

[14]Sec. 281(d) of the Revenue Act of 1926, ch. 27, 44 Stat. 62, in language very similar to sec. 6212(b)(1), also provided that notice mailed to the taxpayer at his "last known address" would be sufficient in certain specified cases. This provision for a mailing to the "last known address" was added to sec. 281, entitled "Fiduciaries," and was separate from sec. 274 which provided for the mailing of notices of deficiency, generally. Sec. 281(d) was enacted to provide the Secretary with a proper person to whom a notice of deficiency or other liability could be sent in cases involving a fiduciary relationship. Examples of such cases included an incompetent, a decedent's estate, or an estate in the hands of a receiver, or trustee in bankruptcy. The legislative history indicates that the section then required the Secretary to mail the notice to the fiduciary if notified of one, and if not, to the taxpayer at his "last known address." S. Rept. 52, 69th Cong., 1st Sess. 30-31 (1926), 1939–1 C.B. (Part 2) 332, 355. See also H. Rept. 356, 69th Cong., 1st Sess. 45 (1926), 1939–1 C.B. (Part 2) 361, 372.

Sec. 272(k) of the Revenue Act of 1928, ch. 852, 45 Stat. 854, made sec. 281(d) applicable to the mailing of deficiency notices generally by adding it to the section containing the predecessor of sec. 6212(a). The legislative history of the section described its scope as limited to protecting the Secretary in cases where a taxpayer failed to notify him of a change of address. Both the House and Senate reports state that the section provided that "in the absence of notice to the Commissioner under section 312(a), of the existence of a fiduciary relationship, the deficiency letter may be mailed to the taxpayer at his last known address and if so mailed will be sufficient for the purposes of this title." H. Rept. 2, 70th Cong., 1st Sess. 22–23 (1928), 1939–1 C.B. (Part 2) 384, 399; S. Rept. 960, 70th Cong., 1st Sess. 30 (1928), 1939–1 C.B. (Part 2) 409, 430.

See also *Delman v. Commissioner*, 384 F.2d 929, 932 (3d Cir. 1967), affg. a Memorandum Opinion of this Court, cert. denied 390 U.S. 952 (1968), where the court concluded that this legislative history showed that sec. 6212(b)(1) was enacted to protect the Secretary and was not a "sword to be used by the taxpayer."

[15]See, e.g., *DeWelles v. United States*, 378 F.2d 37, 39 (9th Cir. 1967), cert. denied 389 U.S. 996 (1967); *Keeton v. Commissioner*, 74 T.C. 377, 381 (1980); *Estate of McKaig v. Commissioner*, 51 T.C. 331, 336 (1968); *Heaberlin v. Commissioner*, 34 T.C. 58, 59 (1960); *Foster v. Commissioner*, T.C. Memo. 1982–115.

a long line of cases holding deficiency notices to be valid even though they were not mailed to the taxpayer's last known address. Those cases have sustained the validity of an incorrectly addressed notice where the notice is received by the taxpayer within the period for petitioning this Court and a timely petition is filed. *Clodfelter v. Commissioner*, 527 F.2d 754, 757 (9th Cir. 1975), affg. 57 T.C. 102 (1971); *Goodman v. Commissioner*, 71 T.C. 974, 977–978 (1979); *Brzezinski v. Commissioner, supra* at 195. See also *Commissioner v. Stewart*, 186 F.2d 239 (6th Cir. 1951), revg. a Memorandum Opinion of this Court. The deficiency notices in those cases were held to be valid because they served the two functions of section 6212: (1) They notified the taxpayer that a deficiency had been determined against him, and (2) they gave the taxpayer the opportunity to petition this Court for redetermination of the proposed deficiency. Compare *Mulvania v. Commissioner, supra.*

Although the notice of deficiency in the present case was not mailed to petitioners at their "last known address," it was sent to them by certified mail as authorized in section 6212(a). More importantly, petitioners actually received the notice well within 90 days of its mailing and timely filed a petition in this Court. Therefore, pursuant to the above cited cases, we hold that the notice of deficiency complied with section 6212(a). The next question is whether a notice of deficiency that satisfies section 6212(a), that is in fact received by the taxpayer, and that permits the taxpayer to file a timely petition in this Court is valid so as to toll the running of the limitations period under section 6503(a)(1).

## B. STATUTE OF LIMITATIONS

Petitioners acknowledge the line of cases holding that a notice not mailed to the taxpayer's last known address is valid so long as the taxpayer receives it in time to petition this Court and files a timely petition. Petitioners do not appear to contest the general proposition that such a notice may be valid for purposes of section 6212(a). Petitioners' principal argument is that the notice here did not become valid for any purpose until it actually was received by them, by which time the statute of limitations under section 6501(a) had expired. Since the notice

was not mailed until the last day of the period of limitations under section 6501(a), we must decide whether the notice was valid on the date it was mailed so as to toll that period pursuant to section 6503(a)(1).

Petitioners maintain that a notice of deficiency must be mailed to the taxpayer's last known address in order to toll the period of limitations on the date it is mailed. Petitioners argue that a notice which is not so mailed does not toll the period of limitations, if at all, until it is actually received. Petitioners reason that since they did not receive the notice here until after the limitations period had run, the notice was invalid. Respondent argues that the mailing of a notice that complies with section 6212(a) tolls the period of limitations on the date it is mailed pursuant to section 6503(a)(1). Although there is language in the cases providing support for both sides of this issue, we think that respondent's argument is based on the sounder analysis and represents the correct view of the law.

We have held that the date the notice of deficiency is mailed, not the date on which it is received by the taxpayer, determines whether that notice is timely. See *Morrison v. Commissioner*, 11 T.C. 696, 704 (1948), affd. per curiam 177 F.2d 351 (2d Cir. 1949); *Rosser, Executor v. Commissioner*, 24 B.T.A. 176, 183 (1931), affd. on other grounds 64 F.2d 631 (3d Cir. 1933).[16] In other words, it is the mailing of the notice of deficiency that suspends the period of limitations pursuant to section 6503(a)(1), and the suspension begins on the date of mailing even if that date is the last day of the statutory period. *Whirlpool Corp. v. Commissioner*, 61 T.C. 182 (1973).

At the same time, we have not specifically decided whether the notice of deficiency must be mailed to the taxpayer's "last known address" in order to toll the period of limitations on the date it is mailed. Despite dicta in some of our earlier opinions relating to the question, we have never had to decide when, if ever, a notice which complies with section 6212(a) but which is not mailed to the last known address is effective to toll the period of limitations.[17] We must decide that question in the present case.

---

[16]Accord *Elden v. Commissioner*, T.C. Memo. 1982–71; *Evans v. Commissioner*, T.C. Memo. 1955–126, affd. per curiam 235 F.2d 586 (8th Cir. 1956).

[17]See, e.g., *Goodman v. Commissioner*, 71 T.C. 974, 978–979 (1979); *Pittsburgh Realty Investment Trust v. Commissioner*, 67 T.C. 260, 282–285 (1976); *Degill Corp. v. Commissioner*, 62 T.C. 292, 295–296 (1974); *Zaun v. Commissioner*, 62 T.C. 278, 280 (1974); *Lifter v.*

Section 6501(a) provides that the amount of any deficiency in income tax shall be assessed within 3 years after the return was filed. Section 6503(a)(1) expressly provides that the event that suspends the period of limitations under section 6501 is "the mailing of a notice under section 6212(a)."[18] There is no language in section 6503(a)(1) that requires that the mailing of the notice under section 6212(a) also must comply with section 6212(b)(1) in order to toll the period of limitations on the date it is mailed. Since we have held that the notice here complied with section 6212(a), section 6503(a)(1) literally provides that the mailing of that notice tolled the period of limitations on the date it was mailed.

Furthermore, in *Clodfelter v. Commissioner, supra,* the Ninth Circuit Court of Appeals specifically held that the mailing of a valid notice under section 6212(a) tolled the period of limitations on the date it was mailed pursuant to section 6503(a)(1). The situation in *Clodfelter* was quite similar to the instant one. There, the notice of deficiency was mailed to the taxpayers on the last day of the period of limitations to an address provided by the taxpayer-husband's brother. That address turned out to be the wrong street number on the correct street. Nevertheless, the taxpayers received the notice in due course through the mail and timely petitioned this Court.

We held (57 T.C. 102) that the notice was valid, but we did so on different grounds than those on which the Ninth Circuit chose to base its opinion. We held that the notice in effect was mailed to the taxpayers' "last known address." We reasoned that the mailing qualified under section 6212(b)(1) because the error in the address used was inconsequential and because the taxpayers received the notice within the period for petitioning this Court and filed a timely petition. Due to our holding on "last known address," we did not decide when, if ever, a notice not mailed to the taxpayer's last known address tolls the period of limitations on assessment.

---

*Commissioner,* 59 T.C. 818, 822–825 (1973); *Robinson v. Commissioner,* 57 T.C. 735, 737 (1972). Compare *Clodfelter v. Commissioner,* 57 T.C. 102 (1971), affd. 527 F.2d 754 (9th Cir. 1975).

[18]Sec. 6213(a) correspondingly provides that the "mailing" of a notice of deficiency under sec. 6212 starts the period for filing a petition with this Court.

The Ninth Circuit chose not to follow our reasoning that the error in the mailing address used was inconsequential and our conclusion that the notice was mailed to the taxpayers' "last known address." The Ninth Circuit reasoned that the notice was valid under section 6212(a) without regard to section 6212(b)(1) because the taxpayers received it in time to petition this Court and timely filed their petition. The Ninth Circuit thus held that the mailing of the notice on the last day of the period of limitations tolled the 3-year period under section 6501(a): "It is a §6212(a) mailing that serves to toll the limitations period under §6503(a)(1). Accordingly, if mailing meets the conditions of §6212(a), it serves to suspend the running of limitations as of the date of mailing." 527 F.2d at 757.

The Ninth Circuit's opinion in *Clodfelter* is consistent with the previously cited cases holding that a notice of deficiency not mailed to the last known address is valid so long as the taxpayer receives it in time to petition this Court and files a timely petition. *Goodman v. Commissioner, supra*; *Brzezinski v. Commissioner, supra*; *Commissioner v. Stewart, supra*. For in addition to holding that the notice complied with section 6212(a), the conclusion in each of those cases that the petition was timely filed within 90 days of the mailing of the notice shows that each case held, at least implicitly, that the notice was valid on the date it was mailed.

The Ninth Circuit's holding in *Clodfelter* is also consistent with the structure of the several Code provisions in regard to assessments. As noted at the outset of this opinion, the Code expressly provides that the mailing date of a notice of deficiency governs the timing of three interdependent events that relate to assessments, thereby fixing a uniform and ascertainable standard for determining (1) when the period of limitations is tolled, sec. 6503(a)(1); (2) when the period for petitioning this Court begins, sec. 6213(a); and (3) the period during which the Commissioner is barred from making an assessment or collection, sec. 6213(a). No doubt, the mailing date of the notice triggers these events because it is more certain and susceptible of proof than the date that the notice is received by the taxpayer. A holding here that the date of receipt was controlling would change both the timing and

interaction of these three events, all of which are keyed to the mailing date of the deficiency notice.

Finally, as previously stated, whether the notice of deficiency is received by the taxpayer is irrelevant if the safe harbor in section 6212(b)(1) applies, for a notice mailed to the last known address is valid for all purposes on the date of its mailing even if the taxpayer never receives it. *Zenco Engineering Corp. v. Commissioner, supra* at 321–322; *Lifter v. Commissioner, supra* at 820–821. Compare *Mulvania v. Commissioner, supra.* Where the safe harbor in section 6212(b)(1) does not apply, the taxpayer's failure to receive the incorrectly addressed notice of deficiency becomes relevant and invalidates that notice for all purposes. However, so long as the notice of deficiency is timely mailed by the Commissioner and is received without prejudicial delay by the taxpayer in compliance with section 6212(a), the notice is effective for all purposes from the time of its mailing.

Based on the express language of section 6503(a)(1), the Ninth Circuit's opinion in *Clodfelter*, and on the foregoing reasons, we hold that the mailing of the notice of deficiency, which complied with section 6212(a), which was received by petitioners, and in regard to which a timely petition was filed in this Court, tolled the period of limitations on the date the notice was mailed even though the notice was not sent to their last known address. Therefore, since the mailing date of that notice was the last day of the 3-year period under section 6501(a), a valid notice of deficiency was issued. Cf. *Delman v. Commissioner*, 384 F.2d 929, 933–934 (3d Cir. 1967), affg. a Memorandum Opinion of this Court, cert. denied 390 U.S. 952 (1968) (mailing of notice of deficiency that complied with section 6212(a) started the 90-day period for petitioning this Court under section 6213(a) on the date it was mailed).

Petitioners argue that cases that hold or suggest that the mailing date of a notice of deficiency is determinative for purposes of tolling the statute of limitations where the notice is not sent to the "last known address" are not controlling here. See *Clodfelter v. Commissioner, supra*; *Pittsburgh Realty Investment Trust v. Commissioner*, 67 T.C. 260 (1976). Petitioners contend that those situations involved errors in mailing addresses that were technical and inconsequential. In an

attempt to distinguish those cases, petitioners submit that the Allentown mailing address was a "totally incorrect" address.

In both *Clodfelter v. Commissioner, supra*, and *Pittsburgh Realty Investment Trust v. Commissioner, supra*, the notice was mailed to the taxpayer at an address that may be characterized as technically incorrect. The notice in *Clodfelter* was mailed to a nonexistent street number on the correct street; the notice in *Pittsburgh Realty* was mailed to the wrong office number in the right building. As previously noted, in *Clodfelter*, we held that the notice in effect was mailed to the taxpayers' last known address because the error in the mailing address was inconsequential. In *Pittsburgh Realty*, we stated in dictum that the notice was valid since it was received without delay and that it was effective to toll the period of limitations on the date it was mailed. We also said that the notice would have been valid in any event since the error in the mailing address was inconsequential.

Our emphasis on the technical nature of the errors in the mailing addresses of the deficiency notices in those cases related to the time that it took for those notices to be received. In both opinions, we reasoned that the notices would have been valid even if we had concluded that they were not mailed to the last known address. The basis for such reasoning was that, so long as the notice is received within the period for petitioning this Court and a timely petition is filed, the notice will be valid under section 6212(a). This rationale applies equally to deficiency notices with "technical" errors in the mailing address or with a "totally incorrect" mailing address. The difference between such errors is merely one of degree and would not be determinative under the facts of the present case.

Petitioners cite *Reddock v. Commissioner*, 72 T.C. 21 (1979), for the proposition that a notice of deficiency not mailed to the last known address is effective only on receipt for purposes of section 6503(a)(1). In *Reddock*, the notice was mailed 3 days before the end of the period of limitations to an address that was not the taxpayers' last known address. The Postal Service returned that notice to the Commissioner undelivered. Eleven days after the period of limitations had run, the Commissioner remailed the same notice to the taxpayers by ordinary mail at their last known address. The taxpayers received the notice

and filed a petition in this Court. In their petition, the taxpayers challenged the timeliness of the notice.

We held that the assessment was barred since the notice was not remailed to the taxpayers until after the period of limitations had expired. Our decision that the remailing of the notice was determinative was based upon our conclusion that the first mailing was ineffective to toll the period of limitations pursuant to section 6503(a)(1). We reasoned that the first mailing was a "nullity" because the deficiency notice was erroneously addressed and was returned to the Commissioner undelivered. The present case is clearly distinguishable because the only mailing here resulted in a delivery to petitioners and a timely filing of their petition.

Our decision is not altered by certain cases stating that, where "notice of a deficiency is not sent to the taxpayer's 'last known address,' subsequent actual notice of the determined deficiency will commence the running of the 90 day period" for petitioning the Tax Court. *McPartlin v. Commissioner, supra* at 1192. Accord *Johnson v. Commissioner*, 611 F.2d 1015 (5th Cir. 1980), revg. a Memorandum Opinion of this Court; *Estate of McKaig v. Commissioner*, 51 T.C. 331 (1968). In each of those cases, as in the present case, notices of deficiency were mailed to the taxpayers but not to their last known addresses. Unlike the present case, the taxpayers in those cases did not receive the notices sent to them through the mail.

The taxpayers in *McPartlin* had no notice of the deficiency until about 1 year after the original notice of deficiency was sent to them. At that time, they received a "Notice of Federal Tax Lien." Their attorney later received a copy of the original notice of deficiency when it was hand delivered to him. In *McKaig*, the taxpayer first learned of the deficiency from her attorney who told her about it on receiving a copy of the notice of deficiency 140 days after it was originally mailed to her.[19] The taxpayers in *Johnson* never received the notice mailed to them; they first learned of the determined deficiency more

---

[19]In *Estate of McKaig v. Commissioner*, 51 T.C. 331 (1968), the taxpayer's attorney knew of the notice of deficiency almost a month before he received it, because he then wrote a letter to the Commissioner requesting a copy of it. However, the petition alleged and we found that the taxpayer did not learn about the notice until her attorney received a copy of it. Thus, we held that the 90-day period for petitioning this Court began on the date that the Commissioner furnished the taxpayer's attorney with a copy of the notice of deficiency.

than 90 days after the notice had been mailed when they received a "statement of tax due."

In all three cases, the taxpayer petitioned this Court within 90 days of receiving notification of the deficiency by methods other than in a notice of deficiency mailed to them. The Court in each case held that notification of a deficiency other than by a mailing to the taxpayer was effective when it was actually received and that the petition was filed within 90 days of such receipt.[20] As a result, the Court in each case also held that the notice of deficiency originally mailed to the taxpayers but never received by them did not start the period for petitioning this Court under section 6213(a).[21] Insofar as the notices originally mailed were concerned, those cases were correct: since those notices of deficiency were neither ultimately received nor mailed to the last known address, they did not comply with either section 6212(a) or 6212(b)(1). Here, however, petitioners received the mailed notice of deficiency.

Finally, petitioners argue that since taxpayers are strictly required to use the proper address under section 7502 in order for a timely mailing to be treated as a timely filing of a document, the same standard should apply to the mailing of a notice of deficiency under section 6212. However, section 7502(a)(2)(B) expressly provides that a document that is timely mailed by a taxpayer will be treated as timely filed only if it is "properly addressed to the agency, officer, or office with which * * * [the] document is required to be filed." Section 6212 does not contain such a requirement for the mailing of notices of deficiency, as we have previously discussed. See also *Berger v. Commissioner*, 404 F.2d 668, 674–675 (3d Cir. 1968), affg. 48 T.C. 848 (1967); *Delman v. Commissioner, supra* at 933–934.

In summary, we hold that the notice of deficiency mailed to petitioners was valid even though it was not sent to their last known address. The notice complied with section 6212(a)

---

[20]In *McPartlin v. Commissioner*, 653 F.2d 1185 (7th Cir. 1981), revg. an unpublished order of this Court, since the taxpayers filed their petition within 90 days of their receipt of both the "Notice of Federal Tax Lien" and the notice of deficiency, the Seventh Circuit did not decide when the 90-day period for petitioning this Court began. 653 F.2d at 1192.

[21]Presumably, such a notice also would be ineffective to toll the period of limitations on the date it was mailed pursuant to section 6503(a)(1). See *McPartlin v. Commissioner, supra* at 1192.

because petitioners received it in due course through the Postal Service and filed a timely petition in this Court. Pursuant to section 6503(a)(1), the mailing of that notice to petitioners under section 6212(a) tolled the period of limitations on the date it was mailed.

Accordingly, petitioners' motion to dismiss will be denied. To reflect the foregoing,

*An appropriate order will be entered.*

Reviewed by the Court.

SHIELDS, *J.*, concurring: I concur in the result but feel that we should not take up the question of the statute of limitations at this point. The matter before us for decision is a motion by petitioners to dismiss for lack of jurisdiction. Whether or not the proposed assessment is time barred under section 6501(a) has no bearing on our jurisdiction. If it did, we would never be able to consider the many proposed assessments set forth in notices of deficiency which are issued even years after the expiration of the normal 3-year statute but which may or may not be barred depending upon whether or not we find there is fraud under section 6501(c)(1) or (2); no return was filed under section 6501(c)(3); a valid consent to an extension of the statute under section 6501(c)(4); a substantial omission under section 6501(e); or some other exception to the usual statute of limitations. Consequently, I believe at this point in this case we should make no reference to the statute of limitations except a statement to the effect that the statute is not a jurisdictional matter and will not be considered on a motion to dismiss for lack of jurisdiction. The proper place to handle the question of the statute of limitations would be in a separate motion for summary judgment, if there is no material fact in dispute, or at the trial, if there are disputed facts.

With respect to the jurisdictional question, I would deny the motion to dismiss solely upon the ground that this case falls squarely within our line of cases dealing with the following general facts: (1) The notice was not mailed to the last address known to the respondent; (2) in spite of the incorrect address used on the notice, it was actually delivered to the taxpayer;

and (3) a petition was filed within 90 days of the date of the notice. We have repeatedly held that under these facts we have jurisdiction. *Goodman v. Commissioner*, 71 T.C. 974 (1979); *Zaun v. Commissioner*, 62 T.C. 278 (1974); *Lifter v. Commissioner*, 59 T.C. 818 (1973); *Clodfelter v. Commissioner*, 57 T.C. 102 (1971), affd. 527 F.2d 754 (9th Cir. 1975); *Brzezinski v. Commissioner*, 23 T.C. 192 (1954).

WILES and WILBUR, *JJ.*, agree with this concurring opinion.

STERRETT, *J.*, dissenting: I respectfully dissent. In my view, the majority establishes an unfortunate rule of law whereby the taxpayer is penalized for respondent's, in this case, flagrant, mistake. Even though respondent had "clear and concise notification" of petitioner's last known address, the majority validates the notice of deficiency because of the happenstance that petitioner in fact received the notice. The majority justifies its holding by concluding that the reference in section 6212(b) to "last known address" is merely permissive. I, to the contrary, find the language of the statute mandatory and that the failure to comply with the statute causes the notice to be null and void ab initio.

Section 6212(a) authorizes the respondent to send his notice by mail and by specified forms of mailing. Personal service is rendered unnecessary. Subsection (b), logically enough, treats the matter of the address to be used and provides that a "notice of deficiency * * * mailed to the taxpayer at his last known address, shall be sufficient." Without the rule set forth in subsection (b), the taxpayer could claim that he never received the notice and therefore is entitled to whatever benefits might flow from that failure. Subsection (b) eliminates this problem by making it the taxpayer's responsibility to keep the respondent informed of his proper address. Actual receipt is of no moment. There is nothing in the quoted statutory language that requires a conclusion that it is intended to be permissive in meaning.

I find support for a "mandatory interpretation" in section 6213(a) which sets forth the time limits within which a taxpayer may file a petition in this Court. "Within 90 days * * * after the notice of deficiency authorized in section 6212

is mailed * * * , the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency." It is apparent that Congress believes that 90 days after mailing, less a period of time for a properly addressed notice to be received, is the appropriate period of time for a taxpayer to have to make his judgment on how to react to the notice. The inescapable effect of the majority's opinion is to foreshorten this congressionally mandated time period, and that is not our prerogative.

While, as the majority makes clear, there are decisions which lend support to a contrary view, the approach advocated in this dissent finds judicial support in the following cases: *DeWelles v. United States*, 378 F.2d 37, 39 (9th Cir. 1967); *Keeton v. Commissioner*, 74 T.C. 377, 381 (1980); *Stewart v. Commissioner*, 55 T.C. 238, 241 (1970); *Estate of McKaig v. Commissioner*, 51 T.C. 331, 336 (1968); *Heaberlin v. Commissioner*, 34 T.C. 58, 59 (1960).

A rule that an improperly addressed statutory notice has in effect not been "mailed to the taxpayer" is simple, straightforward, and easy to administer. It leaves as the only evidentiary problem whether respondent was advised that the address used was the taxpayer's "last known address." The rule cuts both ways. For example, it benefits the taxpayer if the statute of limitations has run before a valid notice can be mailed; and it benefits the respondent because the first mailing does not qualify as the sending of the notice and, therefore, he can send another one if the statute has not run.

I am fearful that the result of the majority's opinion will be increased uncertainty. According to the majority, the question of whether a valid statutory notice was sent in the case of an improper mailing will depend upon whether the taxpayer has a reasonable time for filing a petition upon actual receipt of the notice. Determining the amount of time that is reasonably necessary for filing a petition is a complex, nigh impossible, task. All cases are not the same. The time necessary for filing an adequate petition will change with the varying complexity of the case, the number of issues, and with the underlying circumstances of the taxpayer. Compare, for example, the petition required in *Foster v. Commissioner*, 80 T.C. 34 (1983), with that required in *Miraglia v. Commissioner*, T.C. Memo. 1983–336.

Before a petition is filed, the taxpayer or his adviser must make a tactical decision with respect to whether he wishes to try the case in the Tax Court. Moreover, assuming the taxpayer otherwise wishes to try the case before a District Court, where there is a large deficiency, the taxpayer must review his financial status to determine whether the deficiency can be paid. Will this Court have to resolve such factual disputes? We really do not need any more litigation.

Interestingly enough, we may even be creating more litigation for our fellow judges on the District Courts. If the taxpayer concludes that he does not have a reasonable time to file, he will be forced into a District Court, where, assuming that court follows our approach, it may have to determine whether the taxpayer had a reasonable time to file a hypothetical petition with the Tax Court in order to determine whether it, the District Court, has jurisdiction.

The majority rests its "permissive" conclusion on the presence of the word "sufficient" in subsection 6212(b) in providing for the use of the "last known address." This contention seems to be premised on the thought that the subsection implicitly authorizes the mailing of a statutory notice to the wrong address. I would not attribute such a notion to Congress. It seems clear to me that that word is intended to accord the respondent the protection previously alluded to. Holding that subsection 6212(b) *requires* that the notice of deficiency be sent to the last known address is, I submit, more consistent with the statutory scheme for invoking the jurisdiction of this Court.

The opinion of the majority is a trap for those unwary enough, in some circumstances, to leave a forwarding address and who allow themselves to "receive" the statutory notice. There is no duty requiring the taxpayer to accept receipt of a notice of deficiency and since, as far as I know, there is no rule of constructive receipt in this area, the unsophisticated will be the primary victims of this rule of law.

GOFFE, *J.*, agrees with this dissent.