T.C. Memo. 1999-66

UNITED STATES TAX COURT

GERALD H. EVANS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24438-95.                        Filed March 5, 1999.

Gerald H. Evans, pro se.

<u>Mary P. Hamilton</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the taxable year in
issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent issued a so-called affected items notice of deficiency for the taxable year 1982.  In the notice, respondent determined that petitioner was liable for (1) additions to tax for negligence under section 6653(a)(1) and (a)(2) in the amounts of $620 and 50 percent of the interest due on $12,395, respectively, and (2) an addition to tax for valuation overstatement under section 6659 in the amount of $3,014.

The issues for decision are as follows:

(1) Whether respondent issued a valid affected items notice of deficiency sufficient to toll the period of limitations for assessment and collection.  We hold that such a notice was issued.

(2) Whether the execution of Form 4549 by the parties barred respondent from subsequently issuing the affected items notice of deficiency.  We hold that the execution of Form 4549 did not bar respondent from issuing such notice.

Petitioner concedes that he is liable for the additions to tax in dispute if respondent prevails on the two enumerated issues.

FINDINGS OF FACT

Some of the facts have been stipulated, and they are so found.  Petitioner resided in Lambertville, New Jersey, at the time that his petition was filed with the Court.

Petitioner filed a joint income tax return with his then wife Linda Evans for 1982, the taxable year in issue.

Subsequently, but before the filing of the petition herein, petitioner and Linda Evans were divorced.

During 1981 through 1983, petitioner owned a corporation known as G.H. Evans & Company (Evans & Co.). In 1984, respondent commenced an examination of Evans & Co. for its taxable years 1981 through 1983 through a revenue agent named Robert M. Coar (Agent Coar). During the corporate examination, Agent Coar determined that petitioner had received interest-free use of corporate funds. Based on this determination, Agent Coar extended the examination to include petitioner's joint income tax returns for the taxable years 1981 through 1983. Petitioner's accountant, Eric Lear, represented petitioner during the examination.

At the conclusion of the examination, Agent Coar made several income adjustments to petitioner's 1981 and 1982 taxable years. The adjustments for the 1982 taxable year were for unreported dividends from two sources (Evans & Co. and an unrelated payor) and additional wage income from an unrelated source. In a conversation with his supervisor, Agent Coar stated that these adjustments gave rise to the total tax liability attributable to petitioner's individual examination.

Petitioner agreed to Agent Coar's adjustments and in March 1985 executed Form 4549, Income Tax Examination Changes. An Agent of respondent executed the form during the following month.

- 4 -

Form 4549 stated in pertinent part as follows:

Consent to Assessment and Collection - I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States Tax Court the findings in this report. Therefore, I give my consent to the immediate assessment and collection of any increase in tax and penalties, and accept any decrease in tax and penalties shown above, plus any interest as provided by law. It is understood that this report is subject to acceptance by the District Director.

In November 1982, petitioner invested in a partnership known as PBB Recycling Associates II (PBB). Petitioner became a limited partner of PBB, owning a 27.3-percent interest in the profits, losses, and capital therein. During 1982, PBB was a limited partner in a partnership known as Taylor Recycling Associates (Taylor). Taylor was a first-tier TEFRA partnership involved in plastics recycling. PBB owned a 2.91-percent interest in the profits, losses, and capital of Taylor.

On his 1982 return, petitioner claimed a net loss and a business energy investment credit consistent with the 1982 Schedule K-1 that he received from PBB. The propriety of such loss and credit was not within the scope of Agent Coar's examination, and Agent Coar did not question either the loss or the credit during the course of his examination of petitioner's 1982 return.

On February 16, 1988, respondent issued a Notice of Final Partnership Administrative Adjustment (FPAA) for the taxable year 1982 to the Tax Matters Partner (TMP) of PBB as a partner of Taylor. Thereafter, a partnership proceeding captioned Taylor

<u>Recycling Associates, DL & K Associates, A Partner Other Than the</u> <u>Tax Matters Partner v. Commissioner</u>, docket No. 10184-88 (the Taylor case) was commenced in this Court on behalf of Taylor. On July 21, 1994, the Court entered decision in the Taylor case pursuant to the Commissioner's motion for entry of decision under Rule 248(b). All deductions and credits claimed by Taylor in connection with its plastics recycling activities were disallowed.

Thereafter, on August 28, 1995, respondent issued the affected items notice of deficiency for 1982 determining additions to tax under sections 6653(a)(1) and (2), and 6659. Petitioner appealed from the notice and filed his petition with this Court on November 22, 1995.

OPINION

1. <u>Tolling of the Period of Limitations</u>

Petitioner claims that the period of limitations for assessment and collection for the additions to tax in dispute has expired because of respondent's failure to issue a valid notice of deficiency. We disagree.

Pursuant to the general rule of section 6229(a), the period for assessing any income tax attributable to partnership items or affected items for a partnership taxable year will not expire until the later of a date that is 3 years after the partnership files its information return for the taxable year in question or the last day for filing such return for such year. The 3-year

minimum period may be extended, suspended, or otherwise modified as provided in section 6229.

As pertinent herein, section 6229(d) provides that the running of the period of limitations specified in subsection (a) is suspended from the date on which the notice of final partnership administrative adjustment is mailed to the partnership's TMP through the date on which the decision of this Court becomes final and for 1 year thereafter. Pursuant to sections 7481(a) and 7483, if a timely notice of appeal is not filed, the decision of this Court becomes final 90 days after the decision is entered.

In this regard, there is no dispute that the period for assessing the additions to tax in dispute expired no earlier than October 19, 1995; i.e., 1 year and 90 days from the entry of decision in the Taylor case.

Section 6503(a)(1) provides that the running of the period of limitations on assessment and collection will be tolled upon the mailing of a notice of deficiency under section 6212(a). In the present case, respondent mailed the affected items notice of deficiency on August 28, 1995, nearly 2 months before the expiration of the period for assessment and collection under section 6229. Accordingly, the only issue is whether the notice of deficiency is valid. Petitioner claims that the notice was not mailed to his last known address and is therefore invalid.

A notice of deficiency is valid if the taxpayer actually receives the notice and thereafter files a timely petition in the

Tax Court.  <u>Frieling v. Commissioner</u>, 81 T.C. 42 (1983).  This rule applies regardless of the address to which the notice is mailed.  <u>Id.</u>  Further, such a notice serves to toll the period of limitations for assessment and collection under section 6503(a)(1).  <u>Id.</u>

In <u>Frieling v. Commissioner</u>, <u>supra</u>, a notice of deficiency was mailed on the last day of the 3-year period of limitations for assessment and collection, but the notice was not sent to the taxpayers at their last known address.  Nonetheless, the taxpayers actually received the notice and petitioned the Tax Court within the requisite 90-day period.  The Court held that the notice of deficiency satisfied section 6212(a) and that the period of limitations was tolled by the mailing of the notice.

Petitioner filed a timely petition with the Court on November 22, 1995.[2]  Petitioner's actual receipt of the notice of deficiency and his subsequent filing of a timely petition with this Court render moot any inquiry regarding the address to which the notice of deficiency was mailed.  The notice of deficiency is valid, and the notice therefore tolled the running of the period of limitations for assessment and collection.

Alternatively, petitioner contends that the notice of deficiency is not valid because respondent failed to mail the notice to the address provided on the partnership return for the

_____

[2]  The 90-day period for filing a petition with the Court expired on Nov. 27, 1995, the 90th day being a Sunday.  Sec. 7503.

year in issue.  In this regard, petitioner refers to the requirements under section 6223.

As previously mentioned, under the facts of this case the address to which respondent mailed the notice of deficiency is irrelevant because petitioner received the notice and filed a timely petition.  Regardless, as pertinent here, section 6223 requires the Commissioner to send the Notice of Beginning Administrative Proceeding (NBAP) and the FPAA to each partner whose name and address is furnished to the Commissioner.  Under paragraph (c) of that section, unless additional information is provided, the Commissioner is required to use the address shown on the partnership return in mailing the NBAP and the FPAA.  However, there is no requirement under section 6223 that the Commissioner mail an affected items notice of deficiency to a taxpayer at an address provided in the partnership return.

Rather, as provided under section 6230(a)(2)(A)(i), the normal deficiency procedures apply to affected items that require partner-level determinations.  The additions to tax involved herein--additions for negligence under section 6653(a) and for overvaluation understatement under section 6659--are affected items requiring factual determinations at the individual partner level.  See N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 744-746 (1987).  As a result, normal deficiency procedures apply in this case and, as discussed above, under normal deficiency procedures the notice of deficiency involved herein is valid.  See Frieling v. Commissioner, supra.

In light of the foregoing, we hold that respondent issued a valid notice of deficiency and that such notice served to toll the running of the period of limitations for assessment and collection.

2. Effect of Form 4549

Petitioner also contends that the execution of Form 4549 conclusively determined his total tax liability for 1982 and that respondent is therefore barred from making any subsequent assessment for that year.

It has long been established that the statutory procedure provided under section 7121 is the exclusive method by which an agreement regarding a taxpayer's tax liability may be accorded finality. See Hudock v. Commissioner, 65 T.C. 351, 362 (1975), and cases cited therein; see also Person v. Commissioner, T.C. Memo. 1985-211. (Because Congress has provided a way in which the Commissioner may be bound, the possibility of being bound by some other procedure is precluded.) Section 7121 authorizes the Commissioner to enter into an agreement in writing, referred to as a "closing agreement", with any person in respect of any tax for any taxable period. See secs. 7121(a), 7701(a)(11)(B). A closing agreement becomes final and conclusive when approved by the Commissioner. Sec. 7121(b).

Section 301.7121-1(d), Proced. & Admin. Regs., provides that all closing agreements shall be executed on forms prescribed by the Internal Revenue Service. The Internal Revenue Service has prescribed Forms 866 and 906 for this purpose. Form 866,

entitled "Agreement as to Final Determination of Tax Liability", is used to determine conclusively the taxpayer's total tax liability for a taxable period. On the other hand, Form 906, entitled "Closing Agreement on Final Determination Covering Specific Matters", is used if the agreement relates to one or more separate items affecting the tax liability of the taxpayer. Sec. 601.202(b), Statement of Procedural Rules.

Petitioner did not execute a Form 866 to determine conclusively his total tax liability for 1982, nor did he even execute Form 906 to finalize the disposition of any specific matter for that year. Petitioner merely executed Form 4549, Income Tax Examination Changes. Form 4549 is not a closing agreement under section 7121, and the form is not prescribed by the Internal Revenue Service to be used as a closing agreement. See Hudock v. Commissioner, supra. Form 4549 does not contain language purporting to be respondent's final agreement concerning petitioner's 1982 tax liability. By executing the Form 4549, petitioner merely consented to the immediate assessment and collection of the deficiency proposed therein. Therefore, respondent is not precluded from determining an additional deficiency for 1982. See id.

Further, respondent is not equitably estopped from determining additions to tax attributable to partnership affected items for 1982. The doctrine of equitable estoppel is applied against the Commissioner with the utmost caution and concern.

Boulez v. Commissioner, 76 T.C. 209, 214-215 (1981), affd. 810 F.2d 209 (D.C. Cir. 1987).

One of the elements required for the application of the doctrine of equitable estoppel is that the person claiming its benefit must be adversely affected by the acts or statements of the person against whom an estoppel is claimed. See Kronish v. Commissioner, 90 T.C. 684, 695-697 (1988); Century Data Sys., Inc. v. Commissioner, 86 T.C. 157, 165 (1986). There is no detrimental reliance on the part of a taxpayer who, pursuant to the execution of Form 4549, simply pays a tax that was lawful for the taxpayer to pay. Hudock v. Commissioner, supra at 364.

An additional element required for the application of the doctrine of equitable estoppel is a false representation or wrongful misleading silence by the one against whom estoppel is claimed. Petitioner claims that respondent's agent falsely represented that the adjustments made on the Form 4549 constituted petitioner's total tax liability. Assuming that Agent Coar made such a representation, it must be considered in light of Agent Coar's authority and the scope of Agent Coar's examination.

Agent Coar's examination involved petitioner's individual taxes. In issue herein are so-called affected items consisting of additions to tax for negligence and overvaluation. See N.C.F. Energy Partners v. Commissioner, supra at 744-746. The TEFRA rules, codified at sections 6221 through 6233, segregate adjustments attributable to an individual's interest in a

partnership that are subject to TEFRA from all other adjustments that can be made to the individual's return. See <u>Maxwell v. Commissioner</u>, 87 T.C. 783, 787-788 (1986). Agent Coar was therefore restricted from examining affected items as part of petitioner's individual tax case. See <u>id.</u> In view of this fact, the "total" adjustments Agent Coar could make to petitioner's 1982 taxable year would necessarily exclude any adjustments for affected items. Thus, any representation by Agent Coar must be viewed in the context of Agent Coar's limited authority and the restricted scope of his examination.

In light of the foregoing, the execution of Form 4549 with respect to the 1982 year did not preclude respondent from subsequently issuing an affected items notice of deficiency for the same taxable year.

To reflect our disposition of the disputed issue, as well as the parties' stipulation of settled issues,

<u>Decision will be entered</u>

<u>for respondent</u>.