T.C. Memo. 2013-136

UNITED STATES TAX COURT

DOMINICK GALLUZZO AND ANGELA GALLUZZO, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12914-12.                     Filed May 30, 2013.

Kenneth R. Cohen, for petitioners.

Jamie J. Song, for respondent.

MEMORANDUM OPINION

VASQUEZ, Judge:  This matter is before the Court on respondent's motion
to dismiss for lack of jurisdiction.  Respondent seeks dismissal on the ground that
the petition was not timely filed within the time prescribed by section 6213(a) or

**[*2]** section 7502.[1] Petitioners object to respondent's motion and contend that respondent did not issue a valid notice of deficiency for any of the years before the Court.[2] Since, as discussed below, the petition was not filed within 90 days of the alleged mailing of the notice of deficiency, the case will be dismissed for lack of jurisdiction. The question to be resolved is the ground upon which to base the dismissal.[3]

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Where jurisdiction is lacking because of the Commissioner's failure to issue a valid notice of deficiency, we will dismiss on that ground, rather than on the ground that the taxpayer failed to file a timely petition. Shelton v. Commissioner, 63 T.C. 193 (1974); O'Brien v. Commissioner, 62 T.C. 543, 548 (1974); Heaberlin v. Commissioner, 34 T.C. 58, 59 (1960).

[3] If respondent's position is sustained, the petition is untimely, and the deficiencies and additions to tax may be assessed. Petitioners' recourse then would be to pay the tax, file a claim for refund with the Internal Revenue Service (IRS) and, if the claim is denied, sue for a refund in the appropriate Federal District Court or the Court of Federal Claims. If petitioners' position is sustained, the notice of deficiency is a nullity, and respondent may not assess the deficiencies or additions to tax, under normal circumstances, unless a valid notice of deficiency is issued.

**[*3]**                                        Background

At the time they filed the petition, petitioners resided in New Jersey.

On June 2, 2005, respondent purportedly mailed to each petitioner a notice

of deficiency for the taxable years 1999 through 2001.  Petitioners credibly

testified that they did not receive the notices of deficiency and that they did not

recall receiving any correspondence from the IRS in June 2005.  Respondent is

unable to find his administrative file in this matter, and accordingly, is unable to

provide the Court (or petitioners) with copies of the notices of deficiency for 1999,

2000, and 2001.  Respondent was able to produce U.S. Postal Service Form 3877

(Form 3877) which states that a notice of deficiency covering the taxable years

1999, 2000, and 2001 was mailed to each petitioner on June 2, 2005.

Petitioners filed their petition with the Court on May 21, 2012, which was

2,545 days after the purported mailing of the notices of deficiency.

Discussion

This Court's jurisdiction to redetermine a deficiency depends upon the

issuance of a valid notice of deficiency and a timely filed petition.  Rule 13(a), (c);

Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner,

90 T.C. 142, 147 (1988).  Section 6212(a) expressly authorizes the Commissioner,

after determining a deficiency, to send a notice of deficiency to the taxpayer by

**[\*4]** certified mail or registered mail. It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer's "last known address". Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). If a deficiency notice is mailed to the taxpayer's last known address, actual receipt of the notice is immaterial. King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), aff'g 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, 81 T.C. at 52. The taxpayer, in turn, has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a).

Respondent asserts that he mailed a notice of deficiency to each petitioner for the taxable years 1999, 2000, and 2001 and that we lack jurisdiction over those years on the ground that petitioners failed to file a timely petition for redetermination. Petitioners contend that they never received the notices of deficiency. Respondent has the burden of establishing both the existence of a notice of deficiency as well as the date of mailing. See Pietanza v. Commissioner, 92 T.C. 729 (1989), aff'd without published opinion, 935 F.2d 1282 (3d Cir. 1991).

**[\*5]**   In Pietanza, we held that a Form 3877, standing alone, was not sufficient in the circumstances of that case to prove that a notice of deficiency was mailed to the taxpayers.  Respondent has not shown that the facts present in this case differ in any material way from those in Pietanza.  In Pietanza, as here, the Commissioner (1) lost the administrative file, (2) had no copies of a notice of deficiency, (3) did not establish that a final notice of deficiency ever existed, (4) relied on a Form 3877, and (5) did not introduce evidence showing how the Commissioner's personnel prepare and mail notices of deficiency.

Furthermore, the Commissioner in Pietanza produced a draft copy of the notice of deficiency and supported the draft with affidavits from two IRS employees who stated that they worked on the notice of deficiency at issue.  In our case, respondent presented no such evidence; he has not produced a draft copy of the notices of deficiency or any testimony from IRS employees who assisted in the preparation of the notice of deficiency.  Thus, there is nothing in the case, apart from the Form 3877 itself, to support a presumption of regularity by the IRS.  See id. at 739; see also Welch v. United States, 678 F.3d 1371, 1379 (Fed. Cir. 2012) ("Evidence of a mere mailing absent corroboration that the notice of deficiency was actually created is insufficient to meet the government's burden."); Butti v.

[*6] <u>Commissioner</u>, T.C. Memo. 2008-82; <u>Koerner v. Commissioner</u>, T.C. Memo. 1997-144.

In sum, respondent failed to prove that he issued a notice of deficiency to petitioners for 1999, 2000, and 2001. Accordingly, we will dismiss this case for lack of jurisdiction on the ground that respondent did not issue a notice of deficiency to petitioners for those years.

To reflect the foregoing,

<u>An appropriate order</u>

<u>of dismissal for lack of</u>

<u>jurisdiction will be entered</u>.